CASE 64.—ACTION BY W. E. BARRON AGAINST MOSES KAUFMAN TO RECOVER CERTAIN MONEY PAID BY HIMSELF AND OTHER TAXPAYERS TO HIM AS CITY AUDITOR.—January 28.

## Barron v. Kaufman

Appeal from Fayette Circuit Court.

WATTS PARKER, Judge.

Judgment for defendant. Plaintiff appeals.—Affirmed.

1. Statutes—Construction—Meaning of Words.—The Legislature will be presumed to have intended the meaning the words employed express.

2. Statutes—Construction—Interpolation of Words.—The interpolation of words is allowable only where necessary to prevent the act from being absurd, or to carry into effect its obvious purpose.

3 Municipal Corporations—Boards of Councilmen and of Aldermen—Compensation.—Ky. Stats. 1903, section 3043, providing that a member of the general council shall receive $3 for a stated or called meeting, but, if absent, shall forfeit double

Barron v. Kaufman.

his pay, unless absent from the city or too sick to attend, and that the attendance of a member may be enforced by rules and ordinances, does not make the attendance of a member a condition to his right to compensation, but he is entitled to receive $3 for each day his board may be in session, whether present or not, but if absent without the statutory excuse, he is liable to forfeit double his pay.

4.  Municipal Corporations—Officers—Liability of Auditor.—Under Ky. Stats. 1903, sections 3127-3130, making a city auditor the bookkeeper of the city, with the additional duty of overseeing the collection and disbursement of its money, a city auditor is not liable for allowing and directing the payment of warrants for claims for compensation as members of the general council, though illegal, if the claims are not upon their face illegal, but have been properly audited and certified and the appropriation for their payment has been made.

5.  Municipal Corporations—Officers—Presumption in Favor of Validity of Action.—It will be presumed, in the absence of anything to the contrary, that claims paid by a city auditor for services as members of the general council were approved and certified to the auditor as required by statute, and that an appropriation for their payment had been made.

HENRY C. HAZELWOOD and A. S. MOORE for appellant.

In the consideration of this question three propositions arise and have to be examined and answered:

1. Are the members of the Board of Aldermen and Councilmen of cities of the second class entitled to receive a per diem allowance for the meetings and called meetings of the General Council which they do not attend and at which they are not present?

2. Is the auditor of cities of the second class liable for approving, certifying and auditing claims against the city without due authority of law?

3. Has a taxpayer the right, when suing for all the other taxpayers of the city and when the legally constituted authorities have failed, to sue and recover moneys due the city?

AUTHORITIES CITED.

Smith v. New York, 37 N. Y. 518; Queen v. Atlanta, 59 Ga. 318; Webster v. Kansas City, 64 Mo. 493; Wayne County v. Benoit, 20 Mich 176; State v. Davis, 44 Mo. 131; Stubenville v. Culp, 43 Am. Dec. 417; Morem v. Blue, 47 Ala. 709; Ky. Stats., secs. 3127, 3129; Land Log & Lumber Co. v. McIntire, 100 Wis. 225; Jones

v. Comrs. Lucas County, 57 Ohio St. 189; Webster v. Douglas County, 102 Wis. 181; Sparks v. Robinson, 115 Ky. 453; McCann v. City, 23 Ky. Law Rep. 558; Whaley v. Comth., 110 Ky. 154; Comth. v. Scott, 112 Ky. 252.

GEORGE C. WEBB for Appellee Kaufman.

### PROPOSITIONS AND AUTHORITIES CITED.

1. As to compensation allowed members of the Council. (Ky. Stats., sec. 3042.)

2. As to duties of the Auditor. (Ky. Stats., sec. 3127.)

3. The appellant did not show himself a fair representative of a class, and is not entitled to bring this suit. (Sparks v. Robinson, 115 Ky. 453.)

4. A judicial officer is not liable for his action, even if he is in error as to his judgment. (Mechem on Officers, sec. 638; Wall v. Trumbull, 1 Mich. 2341.)

WALTON, DICKSON & WALTON for Appellee Fidelity & Deposit Co. of Maryland.

### AUTHORITIES CITED.

Alexander v. Worthington, 5 Md. 480; Lewis Sutherland on Statutory Construction, vol. 2, pp. 699, 698, 695, 696, 697, 698 and 700; U. S. v. Goldenburg, 168 U. S. 95; Green v. Comth., 15 Ky. Law Rep. 297; Robertson v. Robertson, 100 Ky. 700; Bosley v. Mattingly, 14 B. Mon. 72.)

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellant, suing as a citizen and taxpayer of Lexington on his own behalf and on the behalf of all other taxpayers of the city, brought this suit against appellee, Kaufman, as auditor of the city, and his surety, to recover in the name and for the city certain sums of money alleged to have been illegally audited by Kaufman as auditor, and paid out of the city treasury. During Kaufman's term of office as city auditor there was paid about $1,000 to members of

the board of councilmen and board of aldermen of the city for their attendance upon meetings of their respective bodies when they were not in fact present. Appellant alleged that the claims so paid were for services which the claimants did not render, and were fraudulent claims against the city; that Kaufman, whose duty it was to audit all claims presented against the city for payment, and to see that they were just and legal claims before signing the warrants for their payment, failed to investigate them, but paid them without investigation or warrant of law; that it was his duty, by and with the advice and consent of the mayor, to institute proceedings to recover money due the city, but that he refused and neglected to sue to recover this money. Hence the appellant sought to maintain the action to recover for the city treasury the sums so illegally paid and withheld. A general demurrer was sustained to the petition; and, as appellant elected to stand upon its averments, it was dismissed. Section 3043, Ky. Stats., 1903, prescribing the duties and fixing the compensation of aldermen and councilmen of cities of the second class, provides as to their compensation: "Each member of the general council shall receive three dollars for any stated or called meeting of said boards; but each absentee shall forfeit double his pay, unless he be absent from the city, or too sick to attend. * * * Each board shall adopt rules for its proceedings, determine the election and qualification of its members, except as hereinafter provided, punish its members for contempt or disorderly conduct, and two-thirds of the members concurring, may expel a member, but not twice for the same offense. A majority of the members-elect shall form a quorum of either board, but a smaller number may adjourn from day to day, and

the attendance of members may be enforced by rules or ordinances with appropriate fines, not exceeding two dollars." The petition does not disclose whether the absentees were too sick to attend the meetings for which they were paid, or whether they were absent from the city. Appellee's contention is, as the petition does not negative the fact of sickness or absence, it is deficient. Aside from the rule that exceptions in statutes need not generally be negatived, but are matters of defense, we will construe the section as to its meaning concerning the pay of the members.

Appellee argues that the members are to receive $3 a day for each day the council is in session, whether they are in attendance or not, inasmuch as the statute does not predicate their right to pay upon the fact of their attendance. But if one did not attend, he should forfeit double that sum, unless he was too sick, or was absent from the city. In that view the section would mean that the member was to get $3 for each meeting, although he may not have attended. If he was absent (unless sick or out of town), he should forfeit $6 for each meeting, which would leave it that if he was out of town, or too sick to attend, he got $3 for each meeting, as well as $3 for each meeting that he attended. Appellant's contention is that the pay provided by the statute is for service; that there could not be service without attendance; that the forfeiture of double pay for inexcusable absence, under the context of whole clause, implies that for excusable non-attendance he shall not forfeit anything, but that he shall not be paid anything for a service he did not render. To give the section the construction contended for by appellant there would have to be read into it the words "for each meeting attended." It must be presumed that the Legislature

intended the meaning the words they actually employed express, as read in conjunction with other clauses and sentences of the section. The interpolation of words into an act by construction is allowable only when it is necessary in order to rescue the enactment from an absurdity, or to carry into effect a purpose obviously plain from other parts of the act. We have not such a situation here. The section does not make the presence of the members a condition of payment of their salaries. It is careful to give the council ample power to punish absentees, and to coerce their attendance. That matter is vested with the respective boards. The forfeiture of double pay must be imposed by the board of which the absentee is a member. It must pass upon the fact of his absence and excuse for it, and impose such penalty as the law permits. Such is the general course, and such are the usual powers of legislative bodies, and it seems natural that the Legislature intended to confer similar power and discretion, and contemplated similar procedure as to this local legislative body. We think that the act means each member is to receive as pay for all his services $3 for each day his board may be in session, whether he is present or not. If absent without the statutory excuse, he is liable to forfeit double his pay, or $6, if the council imposes it, and he may be otherwise punished and compelled to attend, as the statute says. If he, however, should be too sick to attend, or be out of the city, then he forfeits nothing because of such absence. The question recurs as to the liability of appellee, Kaufman, as city auditor, for allowing and directing the payment of the warrants for the alleged illegal claims.

The duties of the city auditor are set out in sections 3127-3130, Ky. Stats., 1903. Under these pro-

visions the auditor is the bookkeeper of the city, with the additional duty of overseeing the collection and disbursement of its money. He has not the right to veto the action of the council, or to override the decision or reverse the action of the head of any other department of the city government. Outside of keeping the books of the city, and auditing accounts presented against it for payment, his is simply an advisory duty except as he may be directed by the mayor to act in such fiscal matters as may be specially committed to him. He must see that claims presented against the city for payment were duly allowed by the proper authority; that they are such as are authorized by law; that there is an appropriation out of which to pay them; that there are funds available for their payment, whereupon he signs the warrant upon the treasurer for their payment. It is not incumbent upon him to see that the service charged for was actually rendered. That is a matter which the department under which the service was rendered is responsible for. If the service is one that can be legally charged for; if the charge is not beyond the limit of the law; if the claim is presented in the form required by the ordinance of the city, vised by the head of the department to which the service was rendered, approved by the auditing committee of council, an appropriation voted for its payment, and the money on hand to pay it—then the auditor may draw his warrant for it. If the proper official, the clerk of the board of council, certifies that its members were allowed so much, which is not more than the statutory provision, and that there were so many meetings of the board, and it appears that these claims were duly passed and audited by the auditing committee of the council, that the appropriation for their payment had

Barron v. Kaufman.

been made, and the money to pay them is in the treasury, he may safely draw his warrant for their payment. He does not have to attend the council meeting to see if all the members are there, and if not, why not, and sit in judgment upon their dereliction. He is not a superior officer in any sense to the council or either board. He is an executive officer, an accountant. He keeps the books and accounts straight— not the members of the council. He is not an overseer who countermands. He is a servant of the city, who keeps things straight and in order. He does not go before to see what shall or shall not be done. He follows after, arranging in order what has been done, and if anything has not been done in shipshape order, he refers it back to the proper authority to do it right. His official duties being of this character, he is not liable for the payment of warrants which he countersigns, if the council acts within the scope of the law, and apparently conforms to the statutes in allowing the demand, and if the claim has been passed upon favorably by the council's auditing committee, and the necessary appropriation is made to meet it. When a claim is certified to him in ample and usual form, not illegal upon its face, he may, without personal liability, sign the warrant for its payment.

In this view of the case, as the petition did not state that the claims paid by appellee to the councilmen and aldermen were not certified and approved as required by the statute, the presumption must be that they were so certified; and, as the petition did not claim that there was not an appropriation, and the money on hand, to pay the claims, it must be presumed on the demurrer that the appropriation had been made, and the money was on hand.

The petition failed to state a cause of action against appellee, and the judgment sustaining the demurrer to it is affirmed.