## Christopher v. Robinson, Sheriff, et al.

*(Decided April 22, 1915.)*

## Appeal from Garrard Circuit Court.

1.  Schools and School Districts—Taxation for in Consolidated District—Elections.—Under Subsection 8 of Section 4399 of the Kentucky Statutes providing that several school districts may be consolidated, and a tax voted for the benefit of the school and the transportation of the pupils, the voters in the district may vote a sufficient property and poll tax to meet the demands of the school. If the tax voted at one election is not sufficient, another election may be held and another tax voted. Any tax voted may also be repealed by the people.

2.  Schools and School Districts—Property and Poll Tax That May Be Levied for Benefit of.—Where there is no statutory limit, the power to levy property and poll taxes for school purposes is committed to the people of the district, and there is no limit to the poll tax that may be levied, nor does the limitation in Section 157 of the Constitution apply. Whether the limitation in Section 180 of the Constitution applies is not decided.

J. E. ROBINSON and GREEN WALKER for motion.

E. H. GAITHER and R. H. TOMLINSON against motion.

OPINION BY JUDGE CARROLL—Sustaining motion to dissolve injunction.

This is a motion made before me to dissolve an injunction issued by the judge of the Garrard Circuit Court restraining the collection of a school tax in consolidated school district Number 19, in Garrard County. The record consists of the petition, exhibits and affidavits.

The petition charged that on February 4, 1913, the Garrard County Board of Education consolidated three sub-districts of Garrard County into one consolidated district, describing the consolidated district as Number 19. That pursuant to an order of the board, an election was held in February, 1913, and a tax of 20 cents on each $100 worth of taxable property in the district and a poll or head tax of 25 cents was voted.

The petition further averred that at a subsequent meeting of the County Board of Education, held in August, 1913, it was ordered that an election be held in consolidated school district Number 19 on October 4, 1913, upon the question as to whether an additional prop-

erty tax of 20 cents and an additional poll tax of $1.75 should be voted for the purpose of transporting the pupils to and from the school in said district. That in accordance with said order the election was held and the tax voted, and thereupon the additional property tax of 20 cents and the additional poll tax of $1.75 was levied upon the voters of said district.

The real purpose of the suit is to enjoin the collection of the tax voted at the October election, 1913. The validity of the tax voted in February is not seriously questioned. I might further add that counsel for the plaintiffs frankly stated that the plaintiffs desire a decision on the merits of the case. They want to know if one tax after another can be voted until, in the judgment of the Board of Education, a sufficient sum has been raised to conduct the school according to their notion.

Whether the Board of Education had the right to order an election to be held in October, 1913, for the purpose of ascertaining the will of the people upon the subject of the additional tax proposed, and whether the people had the right to vote the tax—which they did vote—are the questions involved upon this motion, and their solution depends, as I think, upon the proper construction of Sub-section 8 of Section 4399 of the 1915 edition of the Kentucky Statutes. This section reads as follows:

"That the county board of education is hereby empowered to lay off a boundary including a number of sub-districts and submit to the voters in that boundary the proposition of a tax sufficient to provide for consolidation of the schools within that boundary and for transportation of pupils to and from said consolidated school, and may provide in districts consolidated under existing laws, by local taxation or otherwise, for the transportation of pupils of the district to and from the schools, and such appropriation and taxation for said purposes of transporting children is hereby validated as if it has been proviously expressed in the phrase for local taxation, and that where sub-districts have already been consolidated according to law, and a tax has already been voted in said consolidated districts for local expenses, the term 'local expenses' shall be construed to include the transportation of children in such cases.

Said proposition for taxation may be submitted to the voters at the regular election for school trustees or at any other time decided upon by the county board of education, provided that not less than thirty days' notice be given of said election.

"When such a tax is voted in such consolidated district for local school purposes, it shall remain and be collected annually in accordance with the provisions of law, until repealed by vote of the people."

I limit the inquiry to this section of the statutes because if the authority to do what was done cannot there be found, there was no authority for it.

It will be observed that this statute gives the county board of education the right to consolidate sub-districts and to submit to the voters in the consolidated district "the proposition of a tax sufficient to provide for consolidation of the schools within that boundary and for transportation of pupils to and from said consolidated school." It further provides that "said proposition for taxation may be submitted to the voters at the regular election for school trustees or at any other time decided upon by the county board of education, provided that not less than thirty days' notice be given of said election."

It, therefore, seems that it was the manifest purpose of the Legislature to give to the people in these consolidated districts a free hand in the imposition of taxes. This statute is complete in itself upon this subject. It does not depend upon any other statute, nor is it necessary to consider any other in its construction. Where there is, as in this case, no statutory limit, the power to levy property and poll taxes for school purposes is committed to the people of the district

The limitations imposed by Sections 157 and 180 of the Constitution as to the amount of property and poll tax that may be levied have no application to the property or poll tax voted for school purposes under authority of a valid election. McIntire v. Powell, 137 Ky., 477. Whether the limitation contained in Section 158 of the Constitution controls school affairs, I expressly refrain from deciding, as it is not necessary in the disposal of the question.

The section of the statute quoted does not limit either the amount of property or poll tax that may be levied, nor is there any limitation on the number of elections that may be held to increase the tax to such a sum as

will be sufficient to accomplish the purpose of the legislation. The statute gives the people all the power that in their judgment and discretion may be needed to impose a sufficient tax. If at any time they reach the conclusion that the tax is more than sufficient for the purpose intended, it may be reduced by a vote of the people, or the entire tax may be voted away.

In short, this whole matter has been left to the people themselves to determine. They can vote or not vote the tax, as they choose. If the tax first voted is not sufficient, they may continue to hold elections and vote taxes until the required amount has been raised. Likewise at an election they may reduce the tax, or abolish it altogether. It may be conceded that this construction puts large power in the hands of the people in these districts, but the regulation of this matter is with the legislative department of the government. The Legislature has delegated this power to the people, and the Legislature alone may take it away.

For the reasons briefly stated the injunction is dissolved. Chief Justice Miller and Judges Settle, Turner and Hurt sat with me in considering this question and concur in this opinion.