## Oldham County Board of Education v. Wise, et al.

(Decided January 11, 1918.)

### Appeal from Oldham Circuit Court.

1. Schools and School Districts—Repeal of School Tax.—Under subsection 8 of section 4399 of the Kentucky Statutes, the voters of a consolidated school district may repeal or abolish a school tax theretofore authorized by the voters of the district.

2. Schools and School Districts—Repeal of School Tax—Elections—Mandamus.—Upon the petition of the requisite number of tax payers of a consolidated school district to the county board of education to call an election upon a proposition to repeal a school tax theretofore authorized under subsection 8 of section 4399 of the Kentucky Statutes, it is the duty of the board to call an election as requested; and, upon its failure to do so mandamus will lie to compel the board to call the election.

J. BALLARD CLARK for appellant.

WILLIS, TODD & BOND for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On February 12, 1916, the Oldham County Board of Education created the Ballardsville Consolidated School District. On March 18th, an election was held in the consolidated district and a tax of ten cents on each $100.00 of taxable property in the district was voted for the erection of a school house therein, and a like tax of ten cents was levied for the transportation of pupils. In an action by a taxpayer to test the validity of the two levies the trial court sustained the tax for the erection of the school house, but held the tax for the transportation of pupils to be invalid.

An appeal was taken by the taxpayer from so much of that judgment as sustained the validity of the school tax and the judgment of the circuit court in that respect was affirmed in Davis v. Anderson, 171 Ky. 544. But as no appeal was taken from that portion of the judgment which annulled the tax for the transportation of pupils, the judgment of the circuit court upon that question was not affected by the appeal.

After this court had approved the levy of the tax of ten cents for the erection of a school house the county board of education bought a site for the consolidated school for which it paid $375.00; sold the old lot upon

which one of the sub-district schools had been conducted; accepted plans and specifications for the proposed consolidated school building, and advertised for bids for its erection.  The board also levied and collected the, building tax for the year 1916, and levied that tax for the year 1917.  The board also borrowed money temporarily to finance its building plans until it could issue and sell bonds to erect the school building; and, it contracted with a Cincinnati brokerage firm for the sale of school bonds of the par value of $8,500.00 for that purpose.

It is alleged in the petition that a large majority of the voters of the district voted for the school house tax with the understanding that the school house tax was not to be levied unless the transportation tax also carried and should be levied, and that both or neither tax should be levied.  Accordingly on March 17, 1917, ninety-two voters of the consolidated district, including the plaintiffs, filed a petition with the county board of education asking that an election be called in the district for the purpose of submitting to the voters the question of repealing or abolishing the ten cent school house tax which had been voted in February, 1916.

The county board of education refused to call an election, whereupon the appellee, Wise, and four others, as plaintiffs, brought this action on April 13th, 1917, against the county board of education asking a mandamus to compel the board to call an election pursuant to the petition.  An answer was filed setting up the acts of the board in the premises, as above outlined, and proof was taken.  The circuit judge granted the relief asked by directing the county board of education to call an election upon the proposition to repeal the school house tax; and, from that judgment the board prosecutes this appeal.

The correctness of the circuit court's judgment is to be determined under sub-section 8 of section 4399 of the Kentucky Statutes, which reads as follows:

"That the board of education is hereby empowered to lay off a boundary including a number of sub-districts and submit to the voters in that boundary the proposition of a tax sufficient to provide for consolidation of the schools within that boundary and for transportation of pupils to and from said consolidated school, and may provide in districts consolidated under existing laws, by local taxation or otherwise and such appropriation and tax-

ation for said purposes of transporting children is hereby validated as if it had been previously expressed in the phrase for local taxation, and that where sub-districts have already been consolidated according to law, and a tax has already been voted in said consolidated districts for local expenses, the term 'local expenses' shall be construed to include the transportation of children in such cases. Said proposition for taxation may be submitted to the voters at the regular election for school trustees or at any other time decided upon by the county board of education, provided that not less than thirty days' notice be given of said election.

"When such a tax is voted in such consolidated district for local school purposes, it shall remain and be collected annually in accordance with the provisions of law, until repealed by vote of the people."

The circuit court was of the opinion that the voters of the consolidated district not only had the right but could, at any time, under a proper procedure, require the board to hold an election upon the question whether the school house tax should be continued, increased, or abolished; and, in support of that conclusion this court's decision in Christopher v. Robinson, Sheriff, 164 Ky. 262, was relied upon.

On the other hand the board of education insists that after a tax has been levied by a vote of the people and collected in part, and other steps have been taken by the board towards carrying out the mandate of the people in that respect, as hereinbefore related, it is beyond the power of the electors to revoke their action by abolishing the tax before the purpose for which the tax was levied has been accomplished.

It will be observed, however, that the statute above quoted provides in unequivocal terms that the proposition for levying a tax for a consolidated school may be submitted to the voters at any time that may be decided upon by the county board of education, upon thirty days' notice, and that "when such a tax is voted in such consolidated district for local school purposes, it shall remain to be collected annually in accordance with the provisions of the law, until repealed by vote of the people."

This statute was before this court for consideration in Christopher v. Robinson, *supra*, where the question was whether a board of education had the right to order

an election for the purpose of ascertaining the will of the people upon the subject of levying a tax in addition to the tax originally levied for the consolidated school district, and whether the people had the right to vote such an additional tax. After quoting sub-section 8 of the statute the court said:

"It will be observed that this statute gives the county board of education the right to consolidate sub-districts and to submit to the voters in the consolidated district 'the proposition of a tax sufficient to provide for consolidation of the schools within that boundary and for transportation of pupils to and from said consolidated school.' It further provides that 'said proposition for taxation may be submitted to the voters at the regular election for school trustees or at any other time decided upon by the county board of education, provided that not less than thirty days' notice be given of said election.'

"It, therefore, seems that it was the manifest purpose of the legislature to give to the people in these consolidated districts a free hand in the imposition of taxes. This statute is complete in itself upon this subject. It does not depend upon any other statute, nor is it necessary to consider any other in its construction. Where there is, as in this case, no statutory limit, the power to levy property and poll taxes for school purposes is committed to the people of the district.

"The section of the statute quoted does not limit either the amount of property or poll tax that may be levied, nor is there any limitation on the number of elections that may be held to increase the tax to such a sum as will be sufficient to accomplish the purpose of the legislation. The statute gives the people all the power that in their judgment and discretion may be needed to impose a sufficient tax. If at any time they reach the conclusion that the tax is more than sufficient for the purpose intended, it may be reduced by a vote of the people, or the entire tax may be voted away.

"In short, this whole matter has been left to the people themselves to determine. They can vote or not vote the tax, as they choose. If the tax first voted is not sufficient, they may continue to hold elections and vote taxes until the required amount has been raised. Likewise at an election they may reduce the tax, or abolish it altogether. It may be conceded that this construction puts

large power in the hands of the people in these districts, but the regulation of this matter is with the legislative department of the government. The legislature has delegated this power to the people, and the legislature alone may take it away."

See also Gibson v. Anderson, 170 Ky. 664.

It is contended that there was no question of the repeal of a consolidated school tax before the court in Christopher v. Robinson, *supra,* and that the language of the opinion to the effect that the people might abolish the tax, was dictum. It will be observed, however, that the language of the statute is plain, and provides in express terms that after a tax has been voted in a consolidated district it shall remain and be collected annually in accordance with the provisions of the law, "until repealed by vote of the people." We have here an express authority given to the voters of the district to repeal or abolish the tax, without any limitation as to the time in which it may be done. It merely leaves with the people of the district the management of their school affairs in this respect. They may levy a tax, or they may increase it; and they may repeal it in part, or entirely. The power is given. If it should be deemed too great a power to be entrusted to the people, it is for the legislature to limit it, or take it away.

Judgment affirmed.