## SOUTHEASTERN EXPRESS COMPANY *v.* ROBERTSON, STATE REVENUE AGENT.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 201. Argued March 5, 1924.—Decided April 21, 1924.

1. An objection that a state taxing statute violated due process of law because of its vagueness, *held* to have been obviated by elucidation of the statute by the state court in this case. P. 539.
2. A state constitutionally may condition the right of an express company to enter upon and transact intrastate business, by requiring antecedent payment of a tax based on the number of miles of railroad tracks in the State over which the business is to be operated, and varied according to a classification of the tracks made for the purposes of railroad taxation and as to which neither notice nor opportunity to be heard is vouchsafed the express company. P. 539.
3. Because of the differences between express and railroad companies, the former are not denied the equal protection of the laws by refusing to them, while allowing to the latter, the right to be heard concerning a classification of railroad tracks upon which the calculation of the privilege taxes of each in part depends. P. 540.
4. Nor is the Equal Protection Clause violated by a penalty provision applicable to a newcomer who does not pay his license tax before beginning the express business, but inapplicable to those already in the business, who pay and renew within thirty days after their taxes accrue each year. P. 540.

130 Miss. 305, affirmed.

ERROR to a judgment of the Supreme Court of Mississippi holding the Express Company liable for a license tax, and for a like amount as damages for not having paid the license tax before beginning business in the State, as required by §§ 21, 73, c. 104, Miss. Laws 1920. See also the next following case. Mr. Miller, successor in office to Mr. Robertson, was substituted in this Court.

*Mr. Sanders McDaniel,* with whom *Mr. A. S. Bozeman* and *Mr. H. L. Greene* were on the brief, for plaintiff in error.

*Mr. R. A. Collins*, for defendant in error, submitted. *Mr. C. C. Dunn* and *Mr. A. B. Amis* were also on the brief.

Mr. Justice McKenna delivered the opinion of the Court.

Error to review the judgment of the Supreme Court of Mississippi holding the Express Company liable for a privilege tax for doing business without first having paid the tax imposed by the laws of the State, and for damages. § 21, c. 104, Laws of 1920, Hemingway's Code Supplement 1921, § 6512, and § 73, c. 104, Laws of 1920, Hemingway's Code Supplement 1921, § 6630.

There is an agreed statement of facts. The Express Company is a common carrier of freight of various kinds over certain lines of railroads in the State in both interstate and intrastate commerce. It commenced business May 1, 1921.

Section 21, c. 104, provides as follows: "Express companies—On each express company transporting freight or passengers from one point to another in this State $500.00. And six dollars per mile on all first class railroad tracks in this State over which the business is operated, and three dollars per mile on all second or third class railroad tracks in this State over which the business is operated."

By § 73, c. 104, it is provided that all persons or corporations liable for privilege taxes "who shall fail to procure the license therefor before beginning the business taxed, or who shall fail to renew, during the month in which it is due, the license on a business on which he has theretofore paid a privilege tax," shall in each or either such instance be liable for double the amount of the tax, and it is hereby made the duty of the tax collector of the county in which such business is conducted to collect the amount, issue a separate license therefor, and to endorse across its face, the words: 'Collected as damages.'"

The Express Company did not pay any privilege tax before commencing business May 1, 1921, nor obtain the license which issues on such payment.

Robertson, predecessor of the present defendant in error, acting in his capacity of State Revenue Agent, made an assessment against the company for the sum of $4,325.33 as the tax under § 21, c. 104, and a like sum as damages under § 73.

The Company tendered the amount assessed as the tax but declined to pay the amount assessed as damages. The tender was refused and this action was brought, resulting in the judgment we have indicated.

There is agreement as to the railroads over which the Express Company carries express and the number of miles the express is carried. And it is agreed that it carries express over all of the railroad tracks, but intrastate express only from station to station in the State.

It is also agreed that under the laws of Mississippi, the Railroad Commission of the State on the first Monday of August, 1920, classified the railroads of the State according to their charters and the gross earnings of each for the purpose of levying a privilege tax on the railroads, the classification being set out, for the year beginning the first Monday of August, 1920. The number of miles of track of each is given. No other or further classification of the railroads was made until August 1, 1921, when they were again classified.

It is also agreed that no classification of the railroad tracks under the laws of the State of 1920, under § 21, c. 104, or otherwise, has ever been made by the Railroad Commission, with reference to the operation of the Express Company or of any other express company over the tracks. And it is agreed that the sum of $4,325.33 imposed, and for which the action was brought, was for the year beginning May 1, 1921, and ending May 1, 1922.

The business done by the Company for the six months beginning July 1, 1921, and ending December 1, 1921, is given.

The court directed a verdict in the sum of $4,383.50, refusing to direct for the penalty. For that amount only was judgment entered.

Robertson and the Express Company each prosecuted an appeal—Robertson to reverse so much of the judgment as denied his right to recover damages or penalty, that is, which limited his recovery to the taxes only; the Express Company to reverse so much of the judgment as was against it. Robertson succeeded in his appeal: the Express Company failed.

The contention of the Company is that the statute denies to the Express Company due process, in that: (a) it is so vague, uncertain and indefinite as to be void; (b) it provides no measure or standard by which to distinguish the railroads in connection with an express business, " and no provision of law is elsewhere found by which it can be ascertained as to what are first class railroad tracks and second and third class railroad tracks in connection with an express business;" (c) although the Supreme Court of Mississippi has held that first, second and third class railroads referred to in § 21 are those required by § 45 to be classified by the Railroad Commission, and although the effect of said holding may be to engraft upon § 21, § 45, even assuming that the connection between the section and their purposes be thus conclusively established by the decision of the Supreme Court of Mississippi, " there still is found neither measure nor standard for classifying railroad trackage for the purpose of taxing the express business operated over such trackage, inasmuch as the classification of railroads under § 45, c. 104, etc., is for the sole purpose ' *of levying a privilege tax on railroads;* ' " (d) if the classification of railroads despite its purpose can be so extended, there is

no provision for notice and hearing to express companies when the classification of railroads is made.

There is the further contention that plaintiff in error is denied the equal protection of the laws in that: (a) damages in an amount equal to the privilege tax are allowed against it because it failed to pay the privilege tax before entering business on May 1, 1921, while other express companies as well as all other persons and corporations subject to privilege taxes already in business are allowed thirty days after the privilege tax accrues annually within which to pay the same, and "that the discrimination under the law in this respect is arbitrary and unwarranted by any sound reason or principle of distinction;" (b) railroads are accorded the right to be heard upon the correctness of the classification made by the commission which governs the classification under the law for the purpose of levying privilege taxes upon them, while express companies are not accorded a hearing when the classification is made upon them, and are not allowed to present facts either as to the value of particular trackage relative to an express business, or that which under the law governs the classification for the purpose of levying privilege taxes upon railroads.

The Supreme Court of the State held adversely to all of these contentions and we think in correct estimate of them.

If it can be conceded to the Express Company that the statute had vagueness, it was competent for the court to resolve it to clearness, which it did by an explanation of the laws and the relation of their provisions, and deduced therefrom their constitutionality and freedom from the objections urged against them. We are not disposed to an enumeration of the objections. They are somewhat involved. A prominent one is, and it is variously expressed, that the Express Company was not heard in the classification of railroads, it being insisted that between the latter fact and the express business there is intimate

relation and therefore the same right of hearing to the Express Company as to railroads. But the fact of the classification of railroads was one that preceded the Express Company, of which it was aware, and was an element in the estimate of the privilege that was to be granted, for only over the railroads the privilege could be exercised. There was no element of judicial inquiry. The tax was the condition of a privilege to carry on a business—might, indeed, be denominated a license, but call it privilege or license, it was a condition the State could impose, and having the option to impose it, could fix its amount directly or by reference to a standard. *Hagar* v. *Reclamation District,* 111 U. S. 701; *Ohio Tax Cases,* 232 U. S. 576.

The objection that the Express Company was not given a hearing upon the classification of railroads is made a basis for the contention that the Express Company is denied the equal protection of the laws. In specification of this it is said that railroads are entitled to be heard upon their classification, and, therefore, upon the condition upon which the amount of the privilege tax upon them depends, while a hearing is denied to express companies when necessarily the classification is as intimate to and a condition of the tax upon them as upon the railroads. The Supreme Court of the State found reasons for the difference, and there is certainly a difference between railroads and express companies of themselves and necessarily in their relations to their respective businesses, and, against the action of the State and the judgment of its courts, the difference cannot be regarded as not of legal consideration in the imposition of an excise upon the express companies.

It is further urged that there is a discrimination offensive to the Fourteenth Amendment in the laws of Mississippi permitting damages against the Express Company in an amount equal to the privilege tax because it failed to pay the tax before entering, May 1, 1921, while

other companies, persons and corporations already in business are allowed thirty days after the taxes accrue annually within which to pay them.   The Supreme Court of the State decided against the contention, and we think that there is difference enough in the situations to justify the difference in the provision and exempt it from the charge of unconstitutionality.

The court thereupon reversed the judgment of the court below and rendered judgment in favor of Robertson for both the tax and damages sued for and, under the practice of the court, entered judgment to that effect with interest and costs.

*Judgment affirmed.*