## Folks v. Barren County.

September 29, 1950.

Frank W. Jones, Judge.

516

518

Richard Garnett for appellants.

J. R. White, Wyatt, Grafton and Grafton, Cornelius W. Grafton, for appellees.

STANLEY, COMMISSIONER—Affirming.

The case relates to an Act of the Legislature authorizing the levy of taxes to create school building funds, Chapter 142, Acts of 1950, KRS 160.477. The two principal questions are whether the Act is so vague and indefinite as to be inoperative and void for uncertainty in the meaning thereof, and, if not, whether the action of the Board of Education of the City of Glasgow and the fiscal court of Barren County is within a proper construction of the statute.

We abridge sharply the basic part of the statute. It provides that any board of education may request its tax levying authority to submit to the voters of the school district at an election held for that purpose the question of whether or not a special school building fund tax of not less than 5 cents nor more than 50 cents per $100 of property valuation shall be levied in the district. The taxing authority is required to conform. It is expressly provided that this special tax, if approved by a majority of the voters, is to be in addition to the maximum regular school tax rate of $1.50 as fixed by KRS 160.475 and that the proceeds thereof shall be segregated in a special account, the funds of which may be expended only for the purposes enumerated in the statute. These are for the acquisition and equipment of school buildings and the alteration and enlargement of existing buildings and additions to equipment; also, for the purpose of retiring revenue bonds issued for school building improvements.

Nowhere in the statute is there any reference to the duration or termination of the special tax levy. Is it to be one time and for one year only? Is it to be in perpetuity or until rescinded by another vote of the people? Is the duration to be fixed in the plebiscite or left open for the determination of the combined taxing authorities either in the beginning or on some future day? May the taxing authorities fix a definite period in

the question submitted to the people as they did in the present case, namely, 20 years?

Another indefinite provision is that relating to the fixing of the rate of taxation. Was it intended that the question be submitted in the language of the statute, that is, to approve or disapprove the levying of a tax of "not less than five cents nor more than fifty cents", thus, leaving the rate open to be fixed annually by the taxing authorities? Or, should a definite rate be submitted to the electorate, as in the present case, namely, 37½ cents? Then arises the question whether the taxing authorities have power from time to time to levy a different rate as future conditions may justify, regarding that approved by the people as a maximum.

There are other omissions and vague provisions in the loosely drawn act that make it difficult of interpretation and may make it troublesome in administration but they are less formidable than the questions posed.

It is not for us to say the Legislature does not have the right to be indirect where it could be direct, or to be obscure and confusing where it could be clear and simple. But where the law-making body, in framing the law, has not expressed its intent intelligibly, or in language that the people upon whom it is designed to operate or whom it affects can understand, or from which the courts can deduce the legislative will, the statute will be declared to be inoperative and void. But this is done only where the court is unable by the application of known and well accepted rules of construction to determine with any degree of certainty the meaning and intent of an act of the legislature because of vagueness, incompleteness or irreconcilable conflict in its provisions. 50 Am.Jur., Statutes, Sec. 472; Barron v. Kaufman, 131 Ky. 642, 115 S.W. 787; Commonwealth v. Lipginski, 212 Ky. 366, 279 S.W. 339; Sullivan v. Brawner, 237 Ky. 730, 36 S.W.2d 364; Moore v. Northern Kentucky Independent Food Dealers Association, 286 Ky. 24, 149 S.W.2d 755; Barker v. Stearns Coal & Lumber Co., 287 Ky. 340, 152 S.W.2d 953.

However, the regard for legislative power, with the consequent reluctance of the judiciary to interfere, requires that the court draw all inferences and implications from the act as a whole and thereby, if possible,

sustain the validity of the act and expound it. It is competent for the court to resolve to clearness and to deduce therefrom its constitutionality and freedom from the objection of indefiniteness urged against it. Southeastern Express Co. v. Robertson, 264 U.S. 535, 44 S.Ct. 421, 68 L.Ed. 836. Mere imperfections may be cured by judicial construction. Clarification may be had by considering the character and nature of the statute, and the purpose to be accomplished. Commonwealth v. Barney, 115 Ky. 475, 74 S.W. 181; Commonwealth v. Herald Publishing Co., 128 Ky. 424, 108 S.W. 892, 16 Ann.Cas. 761; Fidelity & Columbia Trust Co. v. Meek, 294 Ky. 122, 171 S.W.2d 41. And, we may add, by regarding the particular system of laws or the statutory formula of which it is intended to be a part. It is especially right and proper for the courts to do this where the statute is but a broad delegation of power and prescribes only in general terms a rule of action for the officers charged with its execution.

We examine the questions posed above which arise from the omissions from the statute of express provisions indicated.

The statute is clear and complete in its purpose and object. It is that a board of education may secure the approval by its constituents of the proposed tax for the improvement of the public schools and then have that tax levied. The Act, it may be observed, is not an attempt to delegate to the people the power to legislate. By the Constitution they have reposed that power in their General Assembly. It but conditions the acceptance and operation of the law upon an affirmative vote of the people. Cf. Johnson v. Commonwealth, 291 Ky. 829, 165 S.W.2d 820, 825. The grant of power and the condition are of the essence, while the method of executing the authority and the terms are of lesser importance. The deficiencies in the law are in the subordinate plan of operation and the directory provisions for executing it. To say the omissions are fatal, would be to destroy the Act. A cardinal principle of statutory construction is to save and not to destroy. Bloemer v. Turner, 281 Ky. 832, 137 S.W.2d 387. To find the deficiencies supplied by inference or implication from the Act as a whole, or contained in existing constituent laws is to save. So, as between one or the other of reason-

able interpretations, manifestly that which will render the statute valid and operative should be adopted. Miller v. Commonwealth, 300 Ky. 215, 187 S.W.2d 837. And long ago it was said by this court: "It is a rule not less of reason than of law that where the end is expressly given, the means necessary to the effectuation of that end are given by implication." Commonwealth v. Morrison, 2 A. K. Marsh 75, 9 Ky. 75. Or, as lately stated, the express power carries with it all powers essential to its exercise. Long v. Mayo, 271 Ky. 192, 111 S.W.2d 633; Dodge v. Jefferson County Board of Education, 298 Ky. 1, 181 S.W.2d 406.

The generality of the laws which delegate the taxing power of the state to any subdivision leave the manner, and often the extent of the use, to the local officers, e. g., the boards of education may fix the annual tax rate within the specified minimum and maximum. KRS 160.460, 160.475. We have recognized that a county may make levies within constitutional limitations as to rates of taxation to accumulate a fund with which to pay for a courthouse to be thereafter erected. Combs v. Letcher County, 107 Ky. 379, 54 S.W. 177. Since the constitutional limitations as to rates do not apply to taxes for school purposes, Sec. 157; Christopher v. Robinson, 164 Ky. 262, 175 S.W. 387, we apprehend that had the legislature authorized the several boards of education, by the established processes, to levy the tax within the limits prescribed in the present Act, and to fix a definite period within its reasonable discretion, there would be no question of completeness. Here that authority is given, subject, however, to the previous sanction by the people of the district.

With respect to the continuity and duration of the tax, the ambiguity raised by Section (1) (c), KRS 160.477(1) (c), is cleared by the inference of other provisions of the statute. That there should be a continuing annual levy is indicated by the fact that the special fund to be created to meet the purposes enumerated must, as a matter of necessity, be much more than that produced by one year's levy. This is shown also by the provision for leasing of school property and rental payments, and is reflected in the provisions for the investment of the fund and annual audits of the account. Subsections (4) and (5). However, it is inconceivable

that the legislature intended a perpetual tax or that it intended that another election should be held to determine whether the tax should be discontinued. Such an interpretation would be at war with all analogous legislative policies and other laws of taxation. This court has held, for example, that where power to create an office is granted, the power to abolish it will be implied. Board of Councilmen of Frankfort v. Brawner, 100 Ky. 166, 37 S.W. 950, 38 S.W. 497. In the present case it would, of course, have been clearer had the legislature expressly treated the matter of continuity and termination, but it did not do so. Cf. former Sec. 4399-12, Ky. Stats., construed in Oldham Co. Bd. of Education v. Wise, 178 Ky. 617, 199 S.W. 772. We may, therefore, imply that by its silence on these points the legislature intended that the respective boards of education should be free to exercise a reasonable discretion in having submitted to the people what period of time the tax should be imposed.

What has been said with reference to the authority to determine the duration of the levy is applicable to the fixing of the rate. We think that too was left open for the board. The board having power to impose the tax, subject to popular approval, could fix the rate to be imposed. We are not disposed to pass on the question whether the taxing authorities may submit the proposition so as to authorize the levying of any rate within the minimum and the maximum rates prescribed by the statute or without stipulating it, and thereafter fix the definite rate as current conditions demand. Cf. Eakins v. Eakins, 20 S.W. 285, 14 Ky. Law Rep. 562. In the present case a definite rate was submitted on the ballot and approved by the people.

It is shown in evidence that the present obligations and commitments of the Board of Education of the Glasgow Independent School District are straining its resources to the limit and that it is unable to finance the construction of buildings sorely needed to meet the increased demands. The Board made a careful study of its needs at the present time and of the cost thereof, further considered the reasonable requirements of the foreseeable future, made allowance for the fluctuations of tax assessment valuations, and took into account the possible occurrence of bad business conditions in the

future. Upon these considerations and the experiences of the past it developed an over-all plan and came to the conclusion that over the period of the next 20 years the Board will require for school building purposes such a sum as will be produced by the levying of a special tax, annually, at the rate of 37½ cents upon each $100 of taxable property in the school district. The Board, therefore, has shown the reasonableness of its action.

The Board of Education may not at any time impose a higher rate of taxation under the authority of the election held, for it is bound by the specified limit. It will be time enough to pass on the question whether it could levy a lesser rate in the future when that is done and a taxpayer or other interested person makes a protest.

It is submitted that the Act is void because the title does not meet the requirements of Sec. 51 of the Constitution in that it does not properly state the subject matter of the statute and that it relates to more than one subject. The title reads, ''An Act relating to school building funds, with particular reference to taxes for building fund purposes.'' It seems to us the point is not well taken. The Act relates to the establishment of a building fund by taxes. That the levy of the tax requires the approval of the people is a matter not so foreign to the title as to be misleading. That provision has a natural connection with the broad subject outlined in the title and cannot be deemed to be within the inhibition of Sec. 51 of the Constitution. City of Ravenna v. Boyer Fire Apparatus Co., 218 Ky. 429, 291 S.W. 782; Jefferson County Fiscal Court v. Thomas, 279 Ky. 458, 130 S.W.2d 60, 61. The legislation embraced only one subject, the provision for taxation and election being but parts of the whole. Hatcher v. Meredith, 295 Ky. 194, 173 S.W.2d 665.

The questions concerning the election are whether it was invalid because not held within the time prescribed by the statute and because of insufficient notice.

The Glasgow Independent School District does not embrace a city of the fourth class, and therefore, comes within the terms of the second sentence of KRS 160.-477(1) (b). That provides that in such a district ''the election shall be held at a time fixed in the ordinance or resolution, not less than fifteen nor more than thirty

days from the time the request of the board is filed with the tax levying authority''. The Board of Education duly adopted a resolution reciting the need for the special levy and requested the fiscal court of Barren County, the taxing authority for the Board, KRS 160.460, to call and hold the election. The resolution was filed with the fiscal court on July 5 and on that day that body entered an order calling the election on August 5, and it was so held. The vote was 659 in favor of the tax and 378 against the levy. It will be observed that, counting both days, 31 days elapsed, one more than the statute prescribes, between the calling and the holding of the election. This point is decided in Davidson v. Board of Education of City of Pikeville, 225 Ky. 165, 7 S.W.2d 1056. The statute under which a school bond election was held was, with respect to time, in the identical language of the present one, and the procedure was the same. Thirty-three days had elapsed between the certification of the resolution by the Board of Education to the city council and the election day. We construed the provision to be directory and held that the substantial compliance met the conditions of the statute. As there, so here.

A question is raised as to the sufficiency of the notice or newspaper advertising of the election. The statute provides merely for "reasonable notice." KRS 160.477(1) (b). While the directions contained in the order of the fiscal court were for publication in every issue of two weekly newspapers on and after July 20, publication was missed in an intermediate issue of each paper, namely, July 27. There were publications on July 20 and August 3. We are not presented with a failure to comply with a statutory provision but with a provision of the order. In addition, cards headed "Notice of Election" were posted throughout the district for a period of 17 days. The question then is whether the terms of the statute were followed, that is, reasonable notice given. We think the publication meets the demands of the statute. Mollette v. Board of Education of Van Lear Graded Common School District, 260 Ky. 737, 86 S.W.2d 990; Howard v. Board of Education of Harlan Independent School District, 311 Ky. 130, 223 S.W.2d 721.

The judgment being in accord with the conclusions we have reached, it is affirmed.