**COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Attorney General, etc., Appellants,**

v.

**Hon. Louie B. NUNN et al., Appellees.**

Court of Appeals of Kentucky.

March 27, 1970.

John B. Breckinridge, Atty. Gen., Henry L. Mangeot, William O. Gilbreath, Asst. Attys. Gen., Frankfort, for appellants.

Ben B. Fowler, Frankfort, W. Earl Dean, Harrodsburg, Thomas F. Marshall, Marion Rider, D. C. Ross, Jr., Lloyd Graper, Frankfort, for appellees.

OSBORNE, Judge.

This appeal is from a judgment of the Franklin Circuit Court holding that a group life insurance contract purchased by the Commonwealth of Kentucky from the appellee, Western Pioneer Life Insurance Company, without securing competitive bids is a valid contract. The circuit court concluded that the contract was exempt from the general purchasing provisions of KRS 45.360 because the sale of the insurance falls within the exception for professional and technical services. The statute, KRS 18.410, under which the policy was purchased provides as follows:

"The Commissioner of Finance, upon the recommendation of the Commissioner of Personnel may procure from one or more life insurance companies, or from one or more hospitalization insurance companies, authorized to do business in this state, a policy or policies of group life insurance insuring the lives of all or any class or classes of state employes, or may procure a policy or policies of group hospitalization insurance covering all or any class or classes of state employes. The policy or policies shall be approved by the Commissioner of Insurance and may contain such provisions as he approves whether or not otherwise permitted by the insurance laws. * * *"

It has been stipulated by the parties that the procedures set out in the statute were followed in negotiations with Western Pioneer Life Insurance Company (hereinafter referred to as "Western"). However, the appellants argue that the contract is void because competitive bidding was not invited in compliance with KRS 45.360, which provides:

"(1) The Director of Purchases, under the direction of the Commissioner of Finance, shall purchase, or shall delegate

and control the purchase of, the combined requirements of all spending agencies of the state including, but not limited to, interests in real property, contractual services, rentals of all types, supplies, materials, equipment, and services, except that competitive bids may not be required:

\* \* \* \* \* \*

(c) Where rates are fixed by law or ordinance;

\* \* \* \* \* \*

(f) For professional, technical, or artistic services (contracts exempted by this provision shall be referred to the Department of Personnel for review and approval)."

Appellees contend that competitive bidding is not required, because the group life insurance contract falls within exceptions (c) and (f).

The policy in question became effective on September 1, 1968. In October, 1968, the State Treasurer, appellee Stovall, received advice from the Attorney General that the contract was invalid and declined to make further payment of premiums to Western without indemnification. All premiums thereafter were placed in an escrow account with the appellee, Farmers Bank and Capital Trust Company. Western has also deposited in escrow the funds to satisfy claims under the policy.

On November 15, 1968, the Commissioner of Finance filed suit against the State Treasurer seeking a declaratory judgment that the contract was valid. On November 26, the Attorney General filed an action seeking a declaratory judgment that the contract was invalid and requesting recovery of all premiums paid to, or placed in escrow for, Western and an injunction to prevent further payment of premiums. The two suits were consolidated by agreement and then were submitted by the parties on motion for summary judgment on the issue of the validity of the contract. The circuit court adjudged the contract valid for the reasons above stated. Ap-

pellees contend the judgment in holding the insurance contract to be a professional and technical service is correct, and even if not the error is harmless as the contract falls within the exception where rates are fixed by law.

The issues as presented to us as stipulated by the briefs of the parties are as follows:

1. Is the contract for group life insurance coverage one for professional or technical services?

2. If not for professional or technical services, is the contract one in which the rate is fixed by law?

It is stipulated in appellees' brief that these are the only questions to be determined by the court. Normally we would accept the issues as framed and presented by the parties without question. However, upon examination of the record here before us and giving consideration to the seriousness of the true issues as they relate to the exercise of powers between the executive and legislative branches of government, we have decided that it is not advisable and we cannot permit the parties to so frame the issues in the case. The issues so framed would cause us to give what we believe to be an erroneous construction to a statute.

The net result of the two statutes under consideration is a grant of power by the legislative to the executive branch of government. The extent of this grant and the nature of any limitations placed upon it are matters of such broad public concern as to remove them from the right of private litigants to control their determination in the courts. The framework of the law cannot be warped by private litigation. The structure of government cannot be changed by the actions of private litigants. Stipulations of the parties will not be allowed to determine the decision of the court on matters involving constitutional or statutory construction or other matters of public interest. 50 Am.Jur., Stipulations, § 5, p. 607. West v. Bank of

Commerce & Trusts, 4 Cir., 167 F.2d 664–666 and cases cited therein.

We know not why the parties stipulated the issues as they did. With this, we are not concerned. We do know that their acts cannot be given such effect as to force the court into the posture of giving a construction to statutes which in our opinion is untenable.

As we perceive the issue and as it is in fact presented by this litigation, it is, does the executive branch of government through its administrative departments have the right to procure a group policy of life insurance upon state employees without complying with KRS 45.360 by advertising for competitive bids? This is the true fact of what took place and is therefore the true issue between the parties and before this court.

We believe the policies were legally purchased without competitive bidding. KRS 45.360, though broad in its scope as to what items must be procured through the bidding, does not specifically name insurance. This the legislature could have done. Also, we note that this act requires bidding only on purchases required to be made through the division of purchases and not those that may be made directly by other divisions and departments of state government. KRS 18.410 provides:

"* * * the Commissioner of Finance, upon recommendation of the Commissioner of Personnel, may *procure* from one or more life insurance companies insurance * * * for state employees." (Emphasis added.)

KRS 18.440 provides:

"The Commissioner of Finance is authorized to perform *all acts* necessary or advisable for the purpose of *contracting* for and maintaining insurance under the provisions of KRS 18.410 to 18.440." (Emphasis added.)

Under this act the Commissioner of Finance is authorized to perform *all acts* necessary or advisable for the purpose of contracting for and maintaining insurance under the provisions of KRS 18.410 to 18.440. Nowhere does this act require that the insurance be acquired through competitive bids under KRS 45.360. We believe it would have been a very simple matter if the legislature had intended that the kind of insurance policies provided for in KRS 18.410 be the subject of competitive bidding to specify in KRS 18.410 that the right to purchase under that section be subject to the requirements of KRS 45.360. For these reasons it would appear KRS 18.410 et seq., are complete within themselves as they apply to group life insurance policies for state employees. KRS 18.410 to 18.440 in our opinion are outside the scope of the state purchasing law as this act is complete within itself and makes no reference to the division of purchases. The Commissioner of Personnel must first recommend the adoption of the program. The Commissioner of Insurance must approve the provisions of the policy and the Commissioner of Finance is given the final authority to procure the policy. It is argued by the Attorney General that this authority is not complete as the act nowhere gives the Commissioner of Finance a right to fix a premium rate or to negotiate a purchase price and the act is silent on the actual mechanics of procurement. We do not read into the act this narrow construction. We believe that when the Commissioner of Finance was given the right to procure the policy and to perform *all acts necessary or advisable for the purpose of contracting* he was in fact given the right to fix premiums and negotiate a purchase. The express power carries with it all powers essential to its exercise. Folks v. Barren County, 313 Ky. 515, 232 S.W.2d 1010, 1014; Long v. Mayo, 271 Ky. 192, 111 S.W.2d 633; Dodge v. Jefferson County Board of Education, 298 Ky. 1, 181 S.W.2d 406.

Judgment affirmed.

All concur.