CASE 92—PETITION EQUITY—MAY 18.

# Macklin, &c., v. Trustees of Common School District, &c.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. TAXATION FOR SCHOOL PURPOSES.—Under the present school law the trustees of a common school district may order the collection of a tax to build or repair a school-house without submitting the question to the voters of the district, but it is a condition precedent of the right to order the tax that it is necessary to build a school-house, or that

the county superintendent has condemned the school-house and that it needs repairing.

2. SAME.—The legislature has the constitutional power to authorize the trustees of a school district to order the collection of a tax, not to exceed a certain sum, without submitting the question to a popular vote; and while the legislature must always prescribe the rule under which the taxation is imposed, and can not refer this power to another body, yet having prescribed the rule, it need not fix the exact sum to be raised or the particulars of the expenditure.

3. WHERE A DEMURRER TO AN ANSWER IS CARRIED BACK TO THE PETITION, the petition is to be considered without reference to the answer or any exhibit filed with it; and this is true although a demurrer to the petition was overruled before the answer was filed.

FRANK CHINN FOR APPELLANTS.

1. The legislature did not intend to confer upon school trustees the arbitary power to assess a tax upon the district without the consent of the people to be taxed. (Acts of 1885–6, vol. 1, p. 129, art. 3.)

2. The legislature not only has not conferred such a power upon the trustees, but it has no constitutional authority to confer it.

3. The paper signed by only one of the three trustees is not a sufficient "order" for the collection of the tax. (Acts 1883–4, vol. 1, p. 134.)

4. The chairman of the board of trustees had no power to contract with himself to build a new school-house when the board had offers from others to do the work for much less. No person acting in a trust capacity will be permitted to create in himself an interest antagonistic to that of the party for whom he acts, nor to traffic in the trust estate for his own profit.

JOHN L. SCOTT FOR APPELLEES.

When a school-house has been "condemned," a tax may be levied to build a new school-house without submitting the question to a popular vote. (School Laws, p. 36, sec. 7.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The trustees of a school district ordered the collection of an *ad valorem* tax of sixteen cents on each one hundred dollars' worth of property therein, and a *per capita* tax on each male thereof over twenty-one years of age, to pay for a new school-house. This was done without taking the sense of the qualified voters of the district in

any way. The appellant who are tax-payers of the district, are, by injunction, resisting the collection of the tax.

The third article of the common school law of May 12, 1884, as originally enacted, provided for a county tax in aid of the common schools of the county, provided, at an election to be held as therein directed, a majority of the qualified voters of the county should approve it. The seventh section of the eighth article authorized the trustees of a district to order the collection of an *ad valorem* and *per capita* tax to build a new school-house, "to be collected as similar State taxes are," but provided: "But "before said order imposing said taxes shall be valid and "operative, the same shall be submitted to a vote of those "qualified to vote for trustees, said election to be held "after twenty days' notice thereof shall have been given, "by written notices posted at three or more public places "in said district; and said election shall be held by the "same officers required to hold the election for trustees."

It thus appears, that as the law was originally enacted, a vote was necessary to the imposition of the tax, whether it was upon the entire county in aid of all its schools, or only upon the district for the purpose of erecting a school-house.

May 17, 1886, however, the law was amended. The third article of the original act was repealed, and in lieu of it an article providing for district taxation "in aid of the common school therein" was enacted, whenever such taxation should be approved by a majority of those voting at an election to be held as therein prescribed, to take the sense of the qualified voters of the

district upon the question, the money to be " expended
" for either of the objects herein specified, and for nothing
" else, to-wit: The better payment of the. teachers.
" thereof, for the extension of the free school for a longer
" term, or for the payment of any debt contracted by the
" trustees on account of the common school." (Gen.
Stats., pp. 1145–6.)

Section 7, article 8, was also amended so as to read:

" Whenever the county superintendent notifies the
" trustees that a school-house has been condemned and
" needs repairing, or, in any case, it becomes necessary to
" purchase a site and to build a new school-house, then
" the trustees shall order a *per capita* tax not exceeding
" one dollar on each male in the district over twenty-one
" years of age, which may be paid in work at one dollar
" per day, and a tax not exceeding twenty-five cents on
" each one hundred dollars' worth of taxable property in
" the district, to be collected as similar State taxes are,
" and such tax shall be applied to the repairing or to the
" purchase of a site and to the erection and furnishing of
" a school-house adapted to the wants of said district,"
etc. (Gen. Stats., p. 1167); and that portion of the
section providing for an election to take the sense of the
voters as to whether the order for the tax shall become
operative, was repealed. (Acts 1885–6, vol. 1, p. 134.)

While the matter is open to some question, owing to
the language employed in portions of the school law as
amended, yet it seems to us the legislature, by the
amendment, intended to leave it to the trustees, without
any subsequent approval by an election, to order the tax
to repair a school-house upon notice of need thereof and

condemnation from the superintendent, or for the purpose
of purchasing a site and building a new one, if there be
none.   Both the building and repairing are named in the
same sentence.   It is unreasonable to suppose it was
intended in case of repair, however slight and however
urgent might be the need of it, that a resort should be
had to an election to approve the raising of means to
make it.   If it be necessary, however, to do so where tax-
ation is ordered to build, it is equally necessary in all
cases of repair.

The section as originally enacted in the act of May 12,
1884, related only to the building of a school-house.   The
legislature, recognizing that it would often be necessary
to repair one, subsequently amended it, and provided for
both the building of a new one and the repairing of an
old one in the same section.   It, doubtless, recognized
that to require an election in every case where taxation
for these purposes might be necessary, would create much
trouble, and often injury, by delay.   Emergencies would
arise—the roof of a house might be blown off or the floor
become unsafe—and as the trustees are elected by the
voters of the district, and should at least be presumed to
be worthy of trust, the legislature doubtless concluded
to leave to their judgment alone the ordering of a tax,
whether to build or repair a house, without the interven-
tion of an election by the tax payers to approve it.

It is urged, however, that the legislature had no con-
stitutional power to do so.

It is true the legislature must always prescribe the rule
under which the taxation is imposed.   It must originate
the authority.   It can not refer this power to another

body, but having prescribed the rule, it need not fix the exact sum to be raised, or the particulars of the expenditure. It would often be impossible for it to do so wisely, owing to the infinite variety of local needs and interests.

Here it authorized the taxation. It provided that it should not exceed a certain sum. It prescribed the rule. It made the law, while the trustees merely give effect to it. One is legislation, and the other administration.

Thus the legislature may unquestionably authorize the council of a city to order the assessment and collection of a tax not exceeding a certain sum for a certain purpose. (Talbot v. Dent, 9 B. M., 526.)

If such a local tax be not in aid of an object of absolute necessity or immediate need, it is doubtless often wise that the legislative judgment, before becoming imperative, should in some way be confirmed by that of the local community directly interested. But if the legislature has the power to impose the burthen, such a reference is not necessary to the constitutional validity of the law.

Our conclusion is that the legislature has conferred the power in question, and for the particular purposes named, upon school trustees, without providing that the exercise of it shall be subject to the will of the tax-payers, to be ascertained by an election; and that it had the constitutional power to do so to the extent and in the manner adopted.

The law provides that the tax is to be collected " as similar State taxes are," and by the sheriff. There is, therefore, an assessment already at his hand to guide him in the collection of it. We have considered these questions because they properly arise upon the demurrer to the

petition, are of a purely legal character, and would necessarily present themselves upon a return of the cause, unless now determined.

In this case, however, the petition avers, in substance, that the district already had a sufficient and comfortable school-house; that it was not necessary to build a new one, and that the trustees had not been notified that the old one had been condemned by the county superintendent, and that in fact, it had not been done. These averments must be taken as true upon this appeal. It is true a demurrer was filed to the petition, and overruled. An answer was then filed, and it being demurred to, this demurrer was carried back to the petition by the court, and sustained as to it. The answer and any exhibit filed with it can not therefore be now considered. It is as if the demurrer to the petition had been sustained at the outset.

The right of the trustees to order the collection of the tax is based upon the fact that it is necessary to build the school-house, or that the county superintendent has condemned it and that it needs repairing.

In the language of the law, " *then* the trustees shall order," etc. The existence of the one or the other state of case is a condition precedent to the exercise of the power. It is of a sovereign character, and can only be exercised in strict conformity to the grant.

It is unnecessary to consider any other question urged in argument. The demurrer went to the entire petition.

The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.