CASE 58.—ACTION BY WILLIAM McINTIRE AND OTHERS AGAINST GEORGE A. POWELL, SHERIFF.—March 4, 1910.

## McIntire, &c. v. Powell, Sheriff

Appeal from Trimble Circuit Court.

CHARLES MARSHALL, Circuit Judge.

From the judgment both parties appeal.—Reversed on original and cross-appeal.

1. Highways—Taxes—Levy—Sufficiency.—A tax levy for the county turnpike tax, and a tax levy for road and bridge purposes, sufficiently specify the purposes for which the taxes are levied.

2. Highways—Taxes—Statutes.—Ky. St. Sec. 4307, authorizing an ad valorem tax for road and bridge purposes and a per capita tax therefor, is not repealed by section 4307a, enacted in 1906, authorizing counties to vote on road taxes, etc., not to be in force until adopted by vote of the people, and never put in force by· such vote.

3. Taxation—Constitutional Limitation.—Under Const. Sec. 157, providing that the tax rate of counties shall not exceed 50 cents on $100, unless necessary to enable the county to pay the interest òn, and provide a sinking fund for the extinction of a prior indebtedness, three levies of ad valorem taxes, each at 25 cents on the $100 of property subject to taxation in the county exceeds the constitutional limitation though one of the levies is made under a special statute enacted prior to the adoption of the Constitution, there being nothing to show that it was levied to pay any debt created prior to the adoption of the Constitution.

4.   Taxation—Constitutional Limitation.—Where a tax levy im-
     posed a capitation tax of $1.50 on each adult male person for
     county purposes, the limitation fixed by Const. Sec. 180, em-
     powering the Legislature to authorize counties to levy a poll
     tax not exceeding $1.50 per head was reached, and an ad-
     ditional poll tax for road and bridge purposes was void.
5.   Taxation—Constitutional Limitation.—Const. Sec. 180, author-
     izing a poll tax not exceeding $1.50 per head, when con-
     strued in connection with section 157, limiting the tax rate
     except for school purposes, and section 183, empowering the
     Legislature    to    provide    for    an    efficient    system    of
     common    schools,    refers    to    poll    taxes    imposed    for
     purposes other than the maintenance of common schools
     and a maximum poll tax for general county purposes does
     not prevent a similar tax for school purposes, and, under the
     Constitution, the Legislature may levy whatever taxes ad
     valorem or capitation necessary to provide an efficient system
     of common schools.
6.   Taxation—Constitutional Limitation.—The school law (Ky.
     St. Sec. 4426a, subsec. 9), requiring the county board of edu-
     cation to estimate and lay before the fiscal court of the
     county the educational needs of the county, and that the
     county court shall levy a tax for school purposes not to ex-
     ceed a specified sum on the assessed valuation, and a capita-
     tion tax not exceeding $1, does not change the principle that
     poll taxes may be levied for school purposes in addition to
     those levied for general county purposes, but the fiscal court
     simply levies taxes which are required by the board of educa-
     tion.

JAS. S. MORRIS, CHARLES H. MORRIS and E. W. TANDY for
appellants.

G. W. PEAK, EUGENE MOSLEY and MOODY & BARBOUR for
appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER.—
Reversing.

The fiscal court of Trimble county made four dif-
ferent levies of taxes for the year 1909: (1) An ad
valorem tax of 25 cents on each $100 worth of taxable
property in the county, and a poll tax of $1.50 on each
male person over 21 years of age. These taxes were

for general county purposes. (2) An ad valorem tax of 25 cents on each $100 worth of taxable property in the county, being the county turnpike tax. (3) An ad valorem tax of 25 cents on each $100 worth of taxable property, and a poll tax of $1 on each male person over 18 and under 50 years of age for road and bridge purposes. (4) An ad valorem tax of 15 cents on each $100 worth of taxable property, and a capitation tax of $1 on each male citizen over 21 years of age for common school purposes. This action was instituted by the appellants against the sheriff of Trimble county to enjoin the collection of the second, third, and fourth levies. The trial court held that the first, second, third, and fourth ad valorem levies were valid; that the second and third poll taxes were invalid, and from the judgment so holding the plaintiffs and defendants have both appealed.

We will consider, first, the ad valorem taxes. The first levy of 25 cents on each $100 of taxable property is not challenged, nor is the ad valorem tax of 15 cents on each $100 of taxable property for school purposes questioned, but the plaintiffs insist that the second and third levies of ad valorem taxes are void, because the order of levy does not sufficiently specify the purposes for which the taxes are to be raised. To this we cannot agree. The purposes of the taxes are plainly pointed out. In the second levy it is denominated the county turnpike tax, and in the third the levy is for road and bridge purposes. It seems to us that the purposes for which these taxes are to be levied are sufficiently specific. Chesapeake, O. & S. W. R. Co. v. Commonwealth, 129 Ky. 318, 111 S. W. 334, 33 Ky. Law Rep. 882; City of Louisville v. Button, 118 Ky. 732, 82 S. W. 293, 26 Ky. Law Rep. 606; Town v. Eversole, 96 S. W. 478, 29 Ky. Law Rep.

830. The third ad valorem tax of 25 cents is levied under the authority of section 4307, Ky. St., which fully authorized its imposition. This section is not repealed by sec. 4307a, as contended by appellant. The last-named section is only put in force by a vote of the people of the county who are proposing to operate under it; and, as it is specifically alleged in the petition that no such vote has ever been taken in Trimble county, section 4307a has no application to that coun ty, and therefore section 4307 is still valid and in frll force so far as Trimble county is concerned. We do not, however, mean to intimate that section 4307a, even if put in operation by a vote of the people of the county, would repeal section 4307. We agree, however, with appellants, that all three of the ad valorem levies cannot be upheld for the reason that the constitutional limit is exceeded by the aggregate amount. Section 157 of the Constitution provides, among other things, that the tax rate of counties shall not exceed 50 cents on the $100, unless it should be necessary to enable the county to pay the interest on, and provide a sinking fund for, the extinction of an indebtedness contracted before the adoption of the present Constitution. The first, second, and third ad valorem levies amount in the aggregate to 75 cents on the $100 of property, and it does not appear that either of them was levied for the purpose of paying the interest or principal of an indebtedness created before the adoption of the present Constitution. For appellee it is insisted that the second ad valorem tax of 25 cents was levied under a special statute enacted in 1881; but it does not appear that the debt itself was created prior to the adoption of the present Constitution. On the contrary, it is specifically alleged in the petition as amended that this particular ad valorem

tax was not levied to pay either interest or principal on an indebtedness created prior to the adoption of the present Constitution, and, as the demurrer to the petition admitted this allegation to be true, we must consider that the levy under discusion was made for purposes arising since the adoption of the present Constitution.   This being true, we have, as said before, three levies of ad valorem taxes for the year 1909, aggregating 75 cents on the $100 of property subject to taxation in the county of Trimble.   One of these levies is void, for the reason that the aggregate exceeds the constitutional limit.   When the case returns to the circuit court, the appellee may show, if he can, that the second levy of ad valorem taxes was for the purpose of paying either the interest or principal of an indebtedness created prior to the adoption of the present Constitution.

We will now consider the three capitation taxes imposed.   Section 180 of the Constitution provides as follows:  "The General Assembly may authorize the counties, cities or towns to levy a poll tax not exceeding one dollar and fifty cents per head."  As the first levy imposed a capitation tax of $1.50 on each male person over 21 years of age in the county, the constitutional limitation of the imposition of poll taxes for the year was thereby reached, and therefore the imposition of $1 poll tax for road and bridge purposes, which is contained in the third levy, was void. We do not, however, think that the capitation tax for school purposes, imposed in the fourth levy was invalid.   It was not the intention of the framers of the Constitution to limit in any way the amount of money which the people might expend for common school education.   Revenue for school purposes is especially excepted from the limitation on the tax rate of towns,

cities, and counties in section 157; and section 180, which authorizes the imposition of a poll tax not exceeding $1.50 per head, refers to poll taxes imposed by counties, cities, and.towns for purposes other than the maintenance of common schools. No good reason can be given for excepting school purposes from the limitation contained in section 157 and applying the limitation of section 180 to it. Section 183 is as follows: "The General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the state." This language indubitably shows that the General Assembly is authorized to provide for an efficient system of common schools in the state, and all appropriate legislation necessary for that purpose may be enacted. In other words, the Legislature is empowered to levy whatever taxes, either ad valorem or capitation, which are necessary to provide an efficient system of common schools throughout the state. The General Assembly has uniformly so construed this section by providing in the school law for both a capitation and an ad valorem tax which is additional to the county tax for general purposes. Section 4440 of the Kentucky Statutes provides that whenever the county superintendent notifies the trustees in writing that a schoolhouse or the inclosure thereof has been condemned and needs repairing or addition, or that the furniture or apparatus is not sufficient, or in any case it becomes necessary to purchase a site to build a new schoolhouse, then, if there be no funds available for such repairing or purchasing, the trustees shall levy a capitation tax not exceeding $1 per year for four years, and also an ad valorem tax not exceeding 25 cents on each $100 of taxable property in the district per school year, or

both a capitation and an ad valorem tax. Section 4463 authorizes the imposition of a district tax not to exceed 25 cents in any one year on the $100 of taxable property in the district and $1 capitation tax on each white, male person of 21 years or over. Section 4464a authorizes the imposition of an ad valorem tax not exceeding 50 cents on each $100 of property assessable in the graded school district, and a poll tax not exceeding $1.50 per capita on each male inhabitant over 21 years of age residing in the proposed district. The present school law (section 4426a Ky. St.), commonly known as the "Sullivan Act," provides (subsection 9): "It shall be the further duty of the county board of education to estimate and lay before the fiscal court of the county the educational needs of the county in accordance with such estimate, and said county shall levy a tax for school purposes not to exceed twenty cents on each one hundred dollars of assessed valuation of property in the county, and a capitation tax not exceeding one dollar," etc. While this section changes the mode of imposing taxes for school purposes, it in no wise changes the principle which has existed since the adoption of the Constitution, that poll taxes may be levied for school purposes in addition to those levied for general county purposes.

Each county is made a school district, and the fiscal court simply levies taxes which are required by the trustee. This court has many times upheld the right of the trustees of school districts to impose both ad valorem and capitation taxes for common school purposes. Macklin v. Trustees, 88 Ky. 592, 11 S. W. 657, 11 Ky. Law Rep. 75; Trustees v. Cummins, 111 S. W. 286, 33 Ky. Law Rep. 739; Trustees v. Kane, 87 S. W. 321, 27 Ky. Law. Rep. 983.

For the foregoing reasons, the judgment on the original and on the cross-appeal is reversed, as indicated in this opinion.