## Louisville and Nashville Railroad Company v. Estes.

(Decided May 9, 1924.)

Appeal from Whitley Circuit Court.

1. Pleading—Defect Waived and Cured by Verdict.—Assuming that petition, claiming damages for carrier's failure to furnish cars or space for accumulating coal for loading, under Ky. Stats., sec-

tion 783, was defective, such defect held waived and cured by
verdict, where answer denied failure to furnish either cars or
space, and introduced proof to sustain each denial and court only
submitted question of whether it failed to furnish cars.

2. Appeal and Error—Carriers—Instruction on Measure of Damages
for Failure to Furnish Cars Inaccurate but Not Prejudicial.—In-
struction upon measure of damages for failure to furnish cars for
coal under Ky. Stats., section 783, held inaccurate in allowing re-
covery upon basis of what plaintiff could reasonably have sold
coal for, rather than its market price, but not prejudicial.

TYE & SILER and WOODWARD & WARFIELD for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Alleging damage by reason of the failure of the de-
fendant railroad company to furnish him with certain
facilities for the loading and cars for shipment of coal,
at its station at Rockhold, Ky., the plaintiff Estes re-
covered a judgment for $600.00, and the defendant has
appealed.

For reversal it is insisted the court erred (1) in
overruling a demurrer to the petition, (2) in refusing to
direct a verdict for the defendant, and (3) in defining the
measure of damages.

1. Assuming, as appellant contends, that section
783 of Kentucky Statutes imposes upon it the duty of
furnishing cars upon reasonable notice for the shipment
of coal but does not impose the duty of furnishing space
upon which to assemble coal until enough could be ac-
cumulated to load a car, the petition did not state a cause
of action, and the demurrer should have been sustained,
since it contains no allegation of a failure to furnish cars
except in conjunction with a failure to furnish space.

But defendant, in its answer, denied the failure to
furnish either cars or space, and introduced proof to sus-
tain each of its separate denials, and the court only sub-
mitted the question of whether it failed to furnish cars.

Hence the defendant by its pleading and proof
waived and the verdict cured the defect in the petition, if
as we have assumed it was defective. Upon the other
hand, if, as plaintiff contends, section 783, *supra,* imposed
upon defendant the duty of furnishing plaintiff space
upon which to assemble his coal at the station, as well as
cars for its shipment, the petition stated a cause of action.

So in either event, the defendant can not now complain of the court's action in overruling the demurrer, and as only the failure to furnish cars was tried and plaintiff is not complaining, we need not now decide whether the statute imposes upon defendant the duty of furnishing the space claimed by plaintiff.

2. The contention that the judgment should be reversed because of the refusal to direct a verdict for defendant, is likewise unavailing, since it, too, is based upon the theory that the petition did not state a cause of action; and admittedly there was ample evidence of a failure to furnish cars.

3. Appellant's criticism of the instruction upon the measure of damages is, that it allows a recovery upon the basis of what plaintiff could reasonably have sold the coal for, which he was prevented from shipping by the failure to furnish him cars, rather than its market price.

The market value is of course controlling, and it must be conceded the instruction would have been in better form if it had employed that term, although in I. C. R. Co. v. River & Rail C. & C. Co., 150 Ky. 489, 150 S. W. 641, we approved an instruction worded as is this one. We are however quite sure that appellant's substantial rights were not in the least prejudiced by this slight inaccuracy in the instructions, and that a reversal should not be ordered because thereof.

Judgment affirmed.