## Broughton v. Louisville & Nashville Rairoad Company.

(Decided December 17, 1926.)

### Appeal from Whitley Circuit Court.

1. Carriers—Petition Alleging Railroad's Failure to Furnish Cars to Remove Coal Held to State Cause of Action.—Petition against railroad for failure to furnish cars necessary to remove coal hauled to railroad by plaintiff from wagon mine held to sufficiently state cause of action.

2. Pleading—Court May Not Consider Parts of Pleadings Not Relating to that to which Demurrer is Finally Directed.—Court is not authorized on demurrer to consider other parts of pleadings not embraced in or relating to part to which court finally directs demurrer.

3. Pleading—Defense Shown Only in Answer Could Not be Considered in Measuring Sufficiency of Petition to which Demurrer was Carried Back and Sustained.—Where plaintiff's demurrer to answer was carried back to petition and sustained, defense appearing only in answer could not be considered in measuring sufficiency of petition.

4. Pleading—Admission by Demurrer of Truth of Well-Pleaded Facts can be Used Only for Argument on Demurrer.—Although demurrer admits truth of all material and relevant facts well pleaded, such admission can be used only for purpose of argument on demurrer, and is not evidence for party alleging facts demurred to.

5. Pleading—Demurrer's Admission of Truth is Only as to Portion of Pleadings Demurred to.—Demurrer's admission of truth of well-pleaded facts is confined to portion of pleading demurred to.

6. Pleading—Answer Cannot be Considered in Determining Demurrer Interposed Thereto and Carried Back and Sustained as to Petition.—Where plaintiff's demurrer to answer was carried back and sustained as to petition, answer forms no part of record properly to be considered in argument or decision.

STEPHENS & STEELY for appellant.

TYE & SILER, WOODWARD, WARFIELD & HOBSON, WM. A. NORTHCUTT, and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In his petition appellant, who was the plaintiff below, alleged in substance that he was, during the period of four months following July 17, 1922, operating a coal mine near Grays, Kentucky, as a wagon mine; that is, the coal mined was hauled from the mines to appellee's railroad by wagons and dumped upon the ground, and thence loaded into coal cars. He further averred that this method of mining was then, and had been for a period of more than five years previous thereto, the customary method of mining in that community, and that appellee had during all that time held itself out as ready, able and willing to furnish coal cars to such mines; that during the four months period referred to he could have mined 50 tons, or a carload, of coal a day, had be been furnished the necessary cars; that each day he had ordered from appellee's agent a car to take care of that day's operation, and which he could easily have loaded with coal, but that during the entire period he had been furnished only five cars; that certain other named wagon mine operators at Grays, who were similar in all respects to him, had been furnished with a far greater number of cars; that during all the time in question appellee had sufficient cars on hand and available to have furnished him the cars he ordered, and that by reason of the appellee's discrimination against him and in favor of the other wagon mine owners named, and by reason of its failure to furnish him the cars ordered, he had not been able to ship or market his coal all to his damage in a named sum, for which he sought judgment.

The appellee first filed a special and then a general demurrer to the petition, both of which were overruled, and then its answer, the first paragraph of which traversed in the main the allegations of the appellant's peti-

tion. The remaining paragraphs of the answer set up defenses similar to the ones which we held to be good in the recent case of L. & N. R. Co. v. Brashear, 217 Ky. 439, 288 S. W. —. Appellant demurred to these paragraphs of the answer. The court carried the demurrer back to the appellant's petition and sustained it. Appellant declining to plead further, his petition was dismissed, and he brings this appeal.

The appellant's petition stated a cause of action. I. C. R. R. Co. v. River & Rail Coal & Coke Co., 150 Ky. 489, 150 S. W. 641; 44 L. R. A. (N. S.) 643, Ann. Cas. 1914 C, 1255; Louisville & Nashville Railroad Co. v. Estes, 203 Ky. 93, 261 S. W. 882. None of the facts or allegations upon which the appellee relies to defeat the appellant in this litigation and which were set up in its answer appear in the petition. While it is true that a demurrer searches the whole record, this rule does not authorize the court to consider other parts of the pleadings, not embraced in or relating to the part to which the court finally directs the demurrer. To illustrate, a demurrer carried back to the petition can not bring before the court an allegation made in an answer filed in the case. Newman's Pleading and Practice, 2nd edition, sec. 542a. Therefore the defense which appellee relies upon to defeat the appellant in this case, appearing only in its answer, cannot be considered in measuring the sufficiency of the appellant's petition. Since, as we have seen, the petition, standing alone, was good, the trial court erred in sustaining a demurrer thereto.

Appellee argues, however, that, conceding appellant's petition was good on demurrer, yet, as the allegations of the second paragraph of its answer were admitted to be true by appellant's demurrer filed thereto, and as these allegations, if true, constitute a complete defense to appellant's cause of action, judgment properly went against him, and it should not be reversed, in order that he may be awarded a repleader. The trouble about this position of appellee, however, lies in its misconception of the nature of a demurrer. While it is true that a demurrer admits the truth of all material and relevant facts which are well pleaded, such admission can be used only for the purposes of the argument on the demurrer, and it is not evidence for the party alleging the facts demurred to. The admission is confined to the por-

tion of the pleading demurred to. 31 Cyc. 337, et seq. When the court, in searching the record, carries a demurrer to the answer, back to the petition, and sustains it, then it is the same as if the demurrer had been filed by the defendant to the petition at the outset. The answer is, under such circumstances, not considered, and it is the same as if it were *non est*.

The admissions made by the demurrer are only the admissions necessary to the argument to settle the sufficiency of the pleading to which the demurrer is directed by the parties or by the court in searching the record, and as only the allegations of the pleading demurred to can be considered on such demurrer, the admissions go no further than such allegations. Macklin v. Trustees of Common School District, 88 Ky. 592, 11 S. W. 657, 11 Ky. Law Rep. 75; cf. Bates v. City of Monticello, 173 Ky. 244, 190 S. W. 1074. In the light of these principles, it is patent that, when the court carried appellant's demurrer back to his petition, it was the same as if he had set aside his former order overruling appellee's demurrer to that petition, and then sustained such demurrer. In such state of case, the appellee's answer formed no part of the record properly to be considered in the argument or decision. The admissions generated by the demurrer were not of the allegations of the answer which was ignored, but of the allegations of the petition to which the demurrer was directed by the court. It follows that the allegations of appellee's answer did not in the final decision of the case by the trial court stand admitted, and that by the sustaining of the demurrer to the appellant's petition, he was necessarily cut off from pleading to that answer until he amended the petition, or secured a reversal of the court's decision on that demurrer. Until such time, under the authorities above cited, it was the same as if appellee's answer had never been filed.

These considerations necessitate the reversal of this judgment, with instructions to the trial court to overrule the demurrer to appellant's petition, and for further proceedings consistent with this opinion.