## Fiscal Court of Monroe County v. Board of Education, Monroe County.

June 22, 1943.

J. Paul Carter for appellant.

Jas. C. Carter for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The question presented is whether the school board of a county which has not levied the maximum poll tax of $2 on each male citizen in a common school district may apply for and receive a portion of the school equalization fund distributed and administered under the direction of the Superintendent of Public Instruction with the approval of the State Board of Education.

The Board of Education of Monroe county has requested the fiscal court of that county to levy the maximum of 75 cents on each $100 valuation of all property subject to school taxation; the maximum of 40 cents on each $100 of the fair cash value of shares in banks and trust companies located in the county; and the maximum poll tax of $2 on each male citizen in the common school district over 21 years of age, who is not exempt by law from the payment of a poll tax. The fiscal court has complied with the request, except in respect to the poll tax, having levied a poll tax in the sum of $1 in lieu of the $2 requested. It is agreed by the parties that the amount levied will be sufficient to produce revenue necessary to properly maintain an adequate school system in the county, provided the school board receives its fair share of the school equalization fund. The board contends that it does not have the privilege of applying for aid from this special fund unless the maximum school tax permitted by law, including the poll tax provided by KRS 160.480, has been levied by the county.

KRS 157.052 provides:

"Any board of education that has had its budget and salary schedule approved by the State Board of Education as provided by law and has levied the maximum school tax permitted by law, shall have the privilege of applying for aid from this special fund. * * *"

KRS 160.480 provides:

"* * * (2) The board of education of any district other than a district embracing a city of the first class may request the levy of a poll tax, not exceeding two dollars on each male inhabitant within the district over twenty-one years of age who is not exempt by law from payment of poll tax."

It is plainly to be seen that the provisions of section 160.480 constitute the poll tax a school tax no less than

the ad valorem tax and the tax on bank shares. It is equally apparent that under the provisions of KRS 157.052 the school board is prevented from participating in the school equalization fund unless first the county shall have levied the maximum tax provided by law. The maximum tax can mean nothing less than the maximum ad valorem tax, the maximum tax on bank shares, and the maximum poll tax combined.

In so far as pertinent to the question involved, KRS 160.460 recites:

"* * * The tax levying authority shall levy an ad valorem tax at the rate specified by the district board of education and approved by the State Board of Education, within the limits prescribed in KRS 160.480 and 160.490, and such poll tax as the district board of education requests, within the limit prescribed in KRS 160.480, * * *."

This section mandatorily requires the fiscal court to levy the tax at the rate specified by the board within the limits prescribed, and since it is necessary that the board receive the benefits of the school equalization fund to properly conduct and maintain the schools of the county, the fiscal court is without discretion in the matter.

But it is insisted that KRS 160.480, in so far as it authorizes a poll tax of $2 to be levied, is in conflict with section 180 of the Constitution which provides:

"The General Assembly may authorize the counties, cities or towns to levy a poll tax not exceeding one dollar and fifty cents ($1.50) per head. * * *"

This section has been construed as having no applicaiton to poll taxes levied for school purposes. McIntire v. Powell, 137 Ky. 477, 125 S. W. 1087; Christopher v. Robinson, 164 Ky. 262, 175 S. W. 387. In the McIntire case [137 Ky. 477, 125 S. W. 1087, 1088] the court said:

"It was not the intention of the framers of the Constitution to limit in any way the amount of money which the people might expend for common school education. Revenue for school purposes is especially excepted from the limitation on the tax rate of towns, cities, and counties in section 157; and section 180, which authorizes the imposition of a poll

tax not exceeding $1.50 per head, refers to poll taxes imposed by counties, cities, and towns for purposes other than the maintenance of common schools. No good reason can be given for excepting school purposes from the limitation contained in section 157, and applying the limitation of section 180 to it.''

Since the chancellor's views are in accord with those expressed in this opinion, the judgment is affirmed.