CASE 65—ACTION ON SHERIFF'S BOND—DEC. 9.

# Combs, Etc. v. Letcher County, Etc.

APPEAL FROM LETCHER CIRCUIT COURT.

COUNTY LEVY—POWER OF COUNTY TO CREATE A COURT-HOUSE FUND.—
Whether a county is limited by section 1882 of the Kentucky Statutes to a levy for the purpose of paying off an existing current indebtedness and of defraying the current and necessary expenses of the county, it has power under section 1839 of the statutes to make a levy for the purpose of creating a courthouse fund, provided the levy does not exceed the limit of fifty cents on the hundred dollars fixed by the statute and Constitution.

J. J. C. BACH FOR APPELLANT.

1. The court can not render judgment in a common law action upon the face of the papers where an issue is made.
2. In an action upon a writing, the execution of which is denied, burden of proof is upon the plaintiff. Andrews v. Hayden, 88 Ky., 455.

3. Writings referred to in a pleading, and not with it, so as to allow the adverse party to inspect it before the trial, can not be read as evidence on the trial without proof of its execution. Gentry v. Doolin 1 Bush, 2.

4. Neither the sheriff nor his sureties is liable for his failure to pay over taxes illegally assessed and collected.

5. The fiscal court, and not the county, is the proper party to maintain an action on a sheriff's bond where there is no county treasurer.

6. The petition in such cases must aver that the bond was signed and delivered by the obligors to the court and by it accepted and approved and the order must so show.

S. B. DISHMAN AND D. D. FIELDS FOR APPELLANT.    (W. S. PRYOR OF COUNSEL.)

1. The alleged taxes, for which judgment was rendered by the lower court, were levied, without authority by the Fiscal Court of Letcher county, and the sureties on Combs' county levy bond are not responsible for such taxes. Said bond only undertook that Combs would account for such taxes as the fiscal court was authorized by law to collect. Ky. Stats., sec. 1882.

2. The levy of the 20 cents ad valorem for court-house purposes, and for the purpose of creating a "Court-House Fund" was unauthorized, and in conflict with the Constitution, and for the purpose of evading section 157 of the Constitution of Kentucky.

IRA FIELDS AND S. E. BAKER FOR APPELLEE.

1. The 20 cents ad valorem taxes levied for county purposes is legal and authorized by Kentucky Statutes, section 1839.

2. The appropriation of said taxes for the erection of a new court house, "a necessary public building," and "a comfortable and convenient place for holding court at the county seat," is legal and authorized by Kentucky Statutes, section 1840.

3. The separation of the 20 cents for court-house purposes from the 30 cents for current expenses and designating former a "Court-House Fund" is authorized by Kentucky Constitution, section 180, and not in violation or an evasion of Kentucky Constitution, section 157.

W. H. HOLT ALSO FOR APPELLEE.

The county can raise money to build a court-house as well as to pay for one already built, but it can not incur indebtedness in any year to an amount exceeding the revenue provided for that year without the consent of two-thirds of the voters voting upon the matter. Greenup County v. Railroad, 88 Ky.,

659; Ky. Con., secs. 157, 180, Ky. Stats., secs. 1839, 1840, 1882; Same, ch. 52, art. 4.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

This is an appeal by the sureties of Combs, sheriff of Letcher county, from a judgment against them by reason of a failure of that officer to pay over certain moneys due the county, collected on account of a special levy for court-house purposes.

It appears the fiscal court of Letcher county made a levy of twenty cents on each $100 worth of taxable prop-erty in the county for the year 1896, to be applied, when collected, "to the creation of a court-house fund." The money arising out of the levy was in due course collected by the sheriff, and, when sued by the county, his sureties defended on the ground mainly that the fiscal court could only levy a tax to pay off an "existing current indebted-ness, and to defray the current and necessary expenses" of the county. This is, indeed, the language of the act of April, 1892 (Kentucky Statutes, section 1882). But if we should hold this language not to permit a levy for the crea-tion of a court-house fund, still the later act of October, 1892 (Kentucky Statutes, section 1839), would seem amply broad to authorize this levy. The authority is here given to levy each year for "county purposes" a poll tax of $1.50, and an *ad valorem* tax not to exceed fifty cents on each $100 in value, etc., and (section 1840) that court is given juris-diction "to erect and keep in repair necessary public build-ings, secure a sufficient jail and a comfortable and con-venient place for holding court at the county seat," etc.

It is not contended that the imposition of the twenty cents tax makes the tax levy of the year more than the limit of fifty cents fixed by the statute and Constitution. We think, therefore, that, without in fact going in debt

for a court-house, the fiscal court might take steps "to secure" one by making a levy within the limitations of the law for the purpose of accumulating a fund with which to pay in cash for the court-house when erected.

The Constitution does not prohibit this. It simply commands the county to live within its income, and create no indebtedness in any year beyond its income, unless authorized by a vote of the people. Section 157. Moreover, we should not hesitate to hold that the creation of a court-house fund by levies—of course, within lawful limits—is a "necessary expense," within the meaning of section 1882, *supra*, which is the section relied on by appellants.

We have examined carefully the minor questions raised by counsel, and think they are without merit.

The judgment is affirmed.