CASE 53.—ACTION BY T. J. SLAYTON SUING FOR HIMSELF
AND OTHERS AGAINST D. V. POOLE AND OTHERS
TO RECOVER A SALARY ALLEGED TO HAVE
BEEN WRONGFULLY ALLOWED SAID POOLE AS
ROAD SUPERVISOR.—March 19.

## Poole, &c. v. Slayton, &c.

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for plaintiffs. Defendants appeal.—Reversed.

1. Highways—Supervisors—Appointment.—Where the fiscal court
levied a specified tax "for the purpose of paying off the
existing indebtedness of the county, and to defray the current
and necessary expenses of the same," and afterward appropriated a specified portion of such tax for road and bridge
purposes, the roads and bridges were maintained by taxation
within Ky. St. 1903, section 4313, authorizing the appointment
of a road supervisor in any county where the roads are
worked by taxation, though the levy did not specify that any
portion of the tax was for the purpose of maintaining roads
and bridges.

2. Counties—Taxation—Use of Funds—Purpose of Appropriation.
Where a tax was levied "for the purpose of paying off the
existing indebtedness of the county, and to defray current
and necessary expenses of the same," the appropriation of a
portion thereof for road and bridge purposes was not a use
of the money for purposes other than for which it was collected, as prohibited by Const. section 180.

3. Highways — Supervisors — Appointment. — Where $7,000 per
annum is actually collected by taxation and expended for road
and bridge purposes, it is a sufficient maintenance of roads
and bridges by taxation within Ky. St. 1903, section 4313,
to authorize the employment of a road supervisor with a
reasonable salary.

Poole, &c. v. Slayton, &c.

BELCHER & SPARKS for appellants.

### POINTS AND AUTHORITIES.

1. Counter claim is valid against county.    (Commonwealth v. Barker, 103 S. W., 303.)

2. Roads were worked by taxation and .the fiscal court did not exceed its jurisdiction.

3. The .order of allowance can not be attacked collaterally. No appeal was taken from the ·order and· it must stand.

WILLIS & MERIDETH for appellee.

### PROPOSITIONS DISCUSSED.

1. A levy to defray the current and necessary expenses of the county is not such a compliance with section 4307, Kentucky Statutes, as will authorize the fiscal court to appoint a road supervisor.

2. What constitutes a working of the roads by taxation as contemplated by the road law of 1894?

3. The fiscal court must look to the road law enacted in 1894 for its authority to appoint a road and bridge supervisor.

4. A specific levy must be made for road and· bridge purposes before the office of road and bridge supervisors can exist.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Appellee T. J. Slayton, suing for himself and other taxpayers of Muhlenberg county, instituted this action to recover of appellant D. U. Poole the sum of $1,200, $600 of which was allowed him as salary for services rendered as road and bridge supervisor of Muhlenberg county for the year 1904, and the remaining $600 for his services in the same capacity for the year1905. It is claimed by appellee that appellant's appointment was illegal and void, and the allowance of his salary was unwarranted by law, for the reason that the roads and bridges of Muhlenberg county were not maintained by taxation, and that the right to elect a road

and bridge supervisor exists only in case the roads and bridges are maintained by taxation. It appears that on the 10th day of November, 1903, the fiscal court of Muhlenberg county levied an ad valorem tax of 50 cents on each $100 worth of property, and also a poll tax of $1.50 on each and every male inhabitant of said county over the age of 21 years, "for the purpose of paying off the existing indebtedness of said county, and to defray the current and necessary expenses of same." On November 15, 1904, a similar levy was made for the same purpose. On the 16th day of November, 1904, an order was entered by the fiscal court appropriating 25 cents on each $100 worth of property in the county for road and bridge purposes. There was expended for road and bridge purposes by the county of Muhlenberg for the year 1904, $7,841.76; for the year 1905, $7,560.15. In the county clerk's office there is a record called "Claims Allowed by the Fiscal Court of Muhlenberg County," which has a column in which are placed the amounts allowed on county roads and bridges. The above amounts are shown by this record to have been expended for the two years referred to. Appellant was elected road and bridge supervisor of Muhlenberg county on April 4, 1904, He entered upon his duties on April 20, 1904, and served two years. On November 15, 1904, he was allowed his first year's salary of $600. On April 12, 1905, his second year's salary was allowed.

The only question in this case is whether or not the roads were maintained by taxation, for under section 4313, Ky. Stats., 1903, the power to appoint a supervisor of roads exists only when the roads are worked by taxation. Section 4306 provides that "public roads shall be maintained, either by taxation or by hands allotted to work thereon," or both in the discre-

tion of the fiscal court. It is contended by counsel for appellee that no tax for road and bridge purposes pursuant to section 4307 was specifically levied, and that the appropriation by the fiscal court of the funds collected by the county levy for the years 1904 and 1905 did not therefore constitute a maintaining of the roads by taxation. While it is true that no specific levy was made for road purposes for the years in question, it is equally true that no specific levy was made for any other purposes. The county did levy an ad valorem tax of 50 cents; but under no circumstances could it go beyond this limit. No additional levy for road and bridge purposes could have been made. As shown above, the levy for each of the years in question was made to defray the current and necessary expenses of the county. The validity of the levy is not now before us. The money has been collected from the taxpayers, and they can not recover it back.

Was the expenditure for road and bridge purposes a current and necessary expense as defined in section 1882, Ky. Stats., 1903? In Combs v. Letcher County, 54 S. W. 177, 21 Ky. Law Rep. 1057, this court said: "Moreover, we should not hesitate to hold that the creation of a court-house fund by levies, of course within lawful limits, is a 'necessary expense,' within the meaning of section 1882, supra, which is the section relied on by appellants." Manifestly, therefore, if the creation of a court-house fund by levies is a "necessary expense" within the meaning of section 1882, the maintenance of the roads and bridges of the county is likewise a "necessary expense." Indeed, their maintenance is just as necessary an expense as any other expense that can be incurred by the county. Furthermore, as the levies for the years in question did not specify the particular purposes for which they

were made, the appropriation of funds for road and bridge purposes did not constitute an appropriation of money for purposes other than those for which it was collected, as prohibited by section 180 of the Constitution. It does not appear that any donations were made to the county for the years in question. The only funds that it had available were collected under the county levies for those years. These funds were paid by the taxpayers. The appropriation for road and bridge purposes were made out of the funds colletced from the taxpayers, and it seems to us therefore unreasonable to say that where about $7,000 for each of the years mentioned was expended for road and bridge purposes, which sums were levied by the fiscal court and collected by taxation, the roads and bridges were not maintained by taxation. Where a sum as large as $7,000 per annum is actually collected from the taxpayers and expended for road and bridge purposes, we think it a sufficient maintenance by taxation to authorize the employment of a road supervisor at a reasonable salary.

We therefore conclude that the payment of appellant's salary was not unauthorized by law.

For the reasons given, the judgment is reversed, and cause remanded, with directions to dismiss appellee's petition.