CASE 31.—ACTION BY THE COMMONWEALTH TO THE USE
OF C. P. KEOWN, SHERIFF, AGAINST THE CHESA-
PEAKE, OHIO & SOUTH-WESTERN RY. CO. AND
OTHERS TO RECOVER A FRANCHISE TAX.—Feb.
27, 1908, and June 20, 1908.

# C., O. & S. W. R. R. Co. v. Commonwealth, to use of Keown

Appeal from Ohio Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiff, defendant appeals — Reversed.

Taxation—Levy—Statement of Purpose of Tax.—Under Constitution, section 180, providing that every ordinance of any county, etc., levying a tax shall specify "distinctly the purpose for which" the tax is levied, an order of the fiscal court levying a tax of 50 cents on the $100 valuation and $1.50 poll tax on each poll is void for failing to designate the purpose for which the tax is levied, though Ky. Stats. 1903, section 1839, authorizes the fiscal court to levy each year for county purposes a poll tax not exceeding $1.50 and an ad valorem tax not exceeding 50 cents on each $100 worth of property.

TRABUE, DOOLAN & COX and J. M. DICKINSON for appellants.

J. H. GLENN, W. H. BARNES, BEN D. RINGO and E. M. WOODWARD for appellee.

(No briefs—record out of office.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

This action was brought in the Ohio circuit court in the name of the Commonwealth, Ohio county, and C. P. Keown, as sheriff of Ohio county, against the Chesapeake, Ohio & Southwestern Railway Company, the Chicago, New Orleans & St. Louis Railroad Company, and the Illinois Central Railway Company, to recover the franchise tax of the Chesapeake, Ohio & Southwestern Railway Company for the years 1896 and 1897. The circuit court gave judgment in favor of the plaintiffs for the taxes for both years, and the railway company appeals.

The case is similar to the case of Illinois Central Railway Co. v. Comth. (this day decided), 128 Ky. 268, 108 S. W. 245, 32 Ky. L. R. 1112; that case involving the taxes due the State, and this involving the taxes due Ohio county. The suit followed the decision of this court in the case of the Southern R. R. in Ky. v. Coulter, Auditor, 113 Ky. 657, 68 S. W. 873, 24 Ky. Law Rep. 203. It was held in that case that the Illinois Central Railway Company, being in possession of the road, and making the report to the Auditor, was liable for the franchise tax for the year 1897. This was also held in the case involving the State taxes, this day decided. It was further held in that case that the Illinois Central Railway Company was not responsible for the franchise tax of the Chesapeake, Ohio & Southwestern Railway Company for the year 1896, based upon a report made by the general manager of that company before the Illinois Central took possession. Substantially all the questions raised by counsel in this case were disposed of by the

opinion rendered in the case referred to involving the taxes due the State. It was there held that the assessment was valid, and that the action was not barred by limitation. The action here was not brought under the act of 1890, but was authorized by the act under which the tax was levied. See Ky. Stats., 1903, section 4104.

On the return of the case to the circuit court a judgment will be entered against the Illinois Central Railway Company for the amount of the tax for the year 1897, with interest from the filing of the petition.

Judgment reversed, and cause remanded for a judgment against the Illinois Central Railroad Company, as above indicated. A judgment will be entered against the Chesapeake, Ohio & Southwestern Railway Company for the tax of the year 1896.

EXTENDED OPINION ON REHEARING—June 20, 1908.

When this case was heard our attention was not called to the order of the fiscal court levying the tax in controversy, and we did not consider its sufficiency. Section 180 of the Constitution provides: "* * * Every act enacted by the General Assembly, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

It is insisted that the order of the fiscal court does not specify distinctly the purpose for which the tax is levied. The order is in these words: "Orders Fiscal Court of Ohio County Regular Term, 9th Day of January, 1897. On motion of Esq. Wilson, it is

ordered that the county levy be the same the ensuing year, same as the preceding year, 50 cts. on one hundred dollars' worth of property and $1.50 poll tax on each poll. John P. Morton, Judge. A copy. Attest: M. S. Ragland, C. O. C. C." In the case of Comth. v. United States Fidelity & Guaranty Co., 121 Ky. 409, 89 S. W. 211, 28 Ky. L. R. 362, the court had before it the validity of the following order made by the Taylor fiscal court: "Ordered by the court that there be and there is a tax of 37 1-2 cents levied on each $100 worth of taxable property in Taylor county for the year 1901 and $1.50 on each poll in Taylor county for the said year." The order was held void under section 180 of the Constitution, on the ground that it did not specify the purpose for which the tax was levied. The same conclusion was reached in City of Somerset v. Somerset Banking Company, 109 Ky. 549, 22 Ky. Law Rep. 1129, 60 S. W. 5. In that case the order read as follows: "E. M. Rousseau made a motion to fix the tax levy at seventy-five cents on each one hundred dollars, and one dollar poll. The motion was seconded by R. Kolker, and carried on a call of yea and nay." Similar levies were held void in United States Fidelity Co. v. Board of Education of Somerset, 118 Ky. 355, 80 S. W. 1191, 26 Ky. Law Rep. 246, and Morrell Refrigerator Car Co. v. Commonwealth, 128 Ky. 446, 108 S. W. 926, 32 Ky. Law Rep. 1389.

It is insisted that the levy in this case is similar to that in Pulaski County v. Watson, 106 Ky. 505, 50 S. W. 861, 24 Ky. Law Rep. 61. But in that case the levy contained these words, which are not in the levy before us, "for the purpose of paying claims against the county." These words show for what purpose the levy in that case was made. It is also

insisted that by section 1839, Ky. St. 1903, the fiscal court is given jurisdiction to levy each year for county purposes a poll tax not exceeding $1.50, and an ad valorem tax not exceeding 50 cents on each $100 worth of property. But in Combs v. Letcher County, 107 Ky. 379, 54 S. W. 177, 21 Ky. Law Rep. 1057, it was held that under this section the fiscal court was authorized to levy a tax to build a courthouse or to do anything else which it was authorized to do for county purposes. Under the provisions of the Constitution, if a tax is levied to build a courthouse or to maintain the roads of the county, under section 4307, Ky. St. 1903, it should be specified in the order making the levy. In some cases the statute specifies how much taxes may be levied for a given purpose, as in the case of the roads; and, if the order does not specify how much tax is levied for this purpose, it cannot be determined whether the tax limit has been exceeded. We do not determine that great minuteness is necessary in these orders of the fiscal court. We only determine that the order before us does not show for what purpose the tax was levied, and that when taxes are levied for other purposes than the ordinary current expenses of the county, or there is a road tax, the order should specify the purpose for which the tax is levied. The remedy of the fiscal court for a defect of this sort in its order is pointed out in the opinions referred to.

The opinion herein delivered is extended as above indicated, and to this extent the former opinion and mandate are modified. The judgment is reversed, and cause remanded for further proceedings consistent herewith.