## Commonwealth for use of Ohio County, v. C, O. & S. W. R. R. Co., et al.

(Decided May 2, 1911.)

### Appeal from Ohio Circuit Court.

The opinion on the former appeal is the law of the case, and it having been then determined what relief the plaintiff was entitled to no other relief can now be granted.

J. S. GLENN, B. D. RINGO, E. M. WOODWARD and W. H. BARNES for appellant.

TRABUE, DOOLAN & COX, H. P. TAYLOR, BLEWITT LEE and O. L. SIVLEY for appellee.

Extended Opinion by Chief Justice Hobson.

On the former appeal of this case it was pointed out that the case was governed by the opinion in I. C. R. R. Co. v. Commonwealth, 128 Ky., 268; that the Illinois Central Railroad Company was not liable for the tax of 1896; that the C. O. & S. W. R. R. Co. was alone responsible for this; but that the Illinois Central Railroad Company was liable for the tax of 1897. The mandate was in these words:

"Judgment reversed and cause remanded for a judgment against the Illinois Central Railroad Company as above indicated. A judgment will be entered against the Chesapeake, Ohio and Southwestern Railway Company for the tax of the year 1896." (C. O. & S. W. R. R. Co. v. Commonwealth, 129 Ky., 320.)

On a petition for rehearing the opinion was modified in so far as it directed a judgment to be entered for the taxes for the reason that the levies were insufficient to warrant a judgment, but in other respects the opinion was unchanged; it being pointed out how the defects in the levies might be remedied. (129 Ky., 320-322.)

The opinion on that appeal is the law of the case. In concluding the opinion delivered on this appeal we said:

"Judgment reversed, and cause remanded that judgment may be entered in conformity herewith." (Com. v. C. O. & S. W. R. R. Co., 141 Ky., 638.)

The defects in the levies having been corrected as set out in the former opinion, we referred to the judgment held proper in the former opinion, that is, a personal judgment against the C. O. & S. W. R. R. Co. for the tax of 1896, with interest, and a personal judgment against the I. C. R. R. Co. for the tax of 1897 with interest from the time the tax was payable.

The mandate is extended as above indicated.