## Burns et al. v. Moore.

March 5, 1948.

Rehearing denied April 23, 1948.

Clyde L. Miller for appellants.

E. E. Adams and M. J. See for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On April 7, 1936, the Fiscal Court of Lawrence County, at the request of the Kentucky School for the Blind, granted permission to Haskell Moore, a blind person, to place a booth in the corridor in the courthouse in Louisa and sell newspapers, magazines, soft drinks, tobacco and other similar merchandise. Moore had been unable to support himself, and from time to time had received assistance from the county. His business at the newspaper booth in the courthouse corridor increased to such an extent that it was deemed advisable to move the booth, and in 1940 he was permitted to move a small frame building onto the courthouse lot and to conduct his business therein. The courthouse lot fronts on Main Cross Street, the principal business street of Louisa, 330 feet and extends back 190 feet to Water Street. It has an area of 62,700 square feet. On February 15, 1947, the Fiscal Court of Lawrence County authorized the execution of a lease to Haskell Moore. On February 19, 1947, an instrument was executed whereby

a space 20 feet long by 12 feet wide was leased to Moore for a term of 25 years. The lessee agreed to erect a one-story brick and concrete building on the leased space with a full size basement thereunder, and to make all necessary connections for electricity, gas and water. The lease is nonassignable, and at the end of the term or at the death of the lessee the building becomes the property of the county. Moore began the erection of a brick building upon the leased space, whereupon John G. Burns, Sr., and E. E. Shannon, citizens and taxpayers of Lawrence County, brought this action to enjoin him from proceeding further with the work. They alleged in their petition that "the defendant, Haskell Moore, is commencing the erection of a brick building on the courthouse lot, the property of Lawrence County," and that "the fiscal court has not the legal right to authorize the defendant to erect the said building for his private use on the public property, and that the defendant is without legal right to erect same." After the defendant had answered and the Lawrence County Fiscal Court had intervened in the action, the parties filed an agreed stipulation of facts which contained the following statements:

"On the southeast corner of the (courthouse) lot is the old jailer's residence and old jail adjoining. This was conveyed to the Methodist Church under authority of the General Assembly (Acts 1849-50). Later the Fiscal Court exchanged with the Church and in 1871 conveyed to it the southwest corner for the southeast corner. The American Legion now occupies the old jailer's residence under a 99-year lease; and the Woman's Club has a 99-year lease on the old jail part of the building. The Methodist Church has occupied the southwest corner since 1879. It has fifty feet at the corner of Madison, fronting Main Cross. The area proposed to be occupied under said lease by said Moore is 240 square feet. The excavation for the basement had been made at the time this suit was filed, and some of the material, brick, gravel, and form lumber was on the job. * * *

"The map made by the first trustees of Louisa in 1823 showing the laying off of the townsite into lots, streets and alleys, shows the courthouse square marked 'PS' as bounded by Main Cross, Water, Madison and Main Streets, and the square ever since said time has

been occupied by the county except as hereinbefore mentioned."

The case was submitted on the pleadings and the stipulation of facts. The court adjudged that the Fiscal Court had authority under KRS 67.080 to make the lease in question, and dismissed plaintiffs' petition.

In support of their contention that the Fiscal Court was without power to lease any part of the public property for private purposes, the appellants rely upon Campbell County Court v. Newport, 12 B. Mon. 538, 51 Ky. 538, and Trustees of Augusta v. Perkins, 3 B. Mon. 437, 42 Ky. 437. In Campbell County Court v. Newport, it appeared that the original patentee laid off the town of Newport in 1792, and recorded a map with the words "Public Square" written across certain lots. Subsequently, in 1795, he made another survey and had a new map recorded, and in the following year conveyed the square to the justices of the Campbell County Court for public purposes so long as Newport continued the county seat. Subsequently the county seat was removed from Newport, and it was held that, the conveyance being for public purposes, a trust resulted in favor of the town and that when it was abandoned by the county the square reverted to the City of Newport. In Trustees of Augusta v. Perkins, the trustees of Augusta conveyed to the justices of the Bracken County Court and their successors in office the public square of the town for the express purpose of securing the location of the county seat in Augusta, and Bracken County took possession under the deed and erected buildings upon the square which were used by it until 1838. When the county seat was removed from the town of Augusta, the County Court undertook to sell the public square to private persons. The town intervened, and the court held that the trustees of the town of Augusta, after being invested with title to the land, could not be legally dispossessed of it and that their conveyance to the County Court for public purposes did not divest the trustees of the legal title or authorize the County Court to pass the legal title to another after ceasing to use it for public purposes.

There is nothing in the pleadings or stipulation of facts in the present case indicating that any such re-

strictions or limitations apply to the courthouse lot in Louisa. Apparently the lot was set aside for the county without any restrictions as to its use, and public officers, state and county, have acted on this theory from the beginning as is evidenced by the act of the General Assembly of 1849 authorizing the Fiscal Court to convey a portion of the lot to the Methodist Church and by the long term leases by the Fiscal Court to the American Legion and the Woman's Club. A fiscal court is a court of limited jurisdiction and may exercise only such power as the Legislature has expressly or by necessary implication conferred upon it. Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514, but complete power and authority to deal with real estate owned outright by a county has been given to the fiscal court. KRS 67.080 provides that the fiscal court may:

"(2) Sell and convey any real estate belonging to the county, and buy land for the use of the county, when necessary, for the purpose of erecting thereon public buildings, such as courthouses, clerk's offices, poorhouses, jails and workhouses, or for the care and support of paupers; or the fiscal court may appoint one or more commissioners to sell or buy real estate under this subsection, subject to the approval of the fiscal court, and convey it to the purchaser, under the directions of the court, or have it conveyed to the county, by deed properly executed and recorded."

In Town of Prestonsburg v. Floyd County, Ky., 64 S. W. 907, the court distinguished Campbell County Court v. Newport, 12 B. Mon. 538, and Trustees of Augusta v. Perkins, 3 B. Mon. 437, and approved the sale of the public square on the ground that the square had not been conveyed to the county for a specific purpose or time. The power to sell includes the power to lease. Board of Councilmen of City of Frankfort v. Pattie, 227 Ky. 343, 12 S. W. 2d 1108. The only possible conclusion from the facts appearing in the record before us is that the courthouse square in Louisa belongs to Lawrence County in fee, and it follows that the Fiscal Court, under the broad powers given to it by KRS 67.080, had the right to enter into the lease contract attacked by appellants.

Judgment is affirmed.