DETERS v. CITY OF LOUISVILLE et al.

Court of Appeals of Kentucky.
June 20, 1952.

Franklin P. Hays, Louisville, for appellant.

Gilbert Burnett, William E. Berry, Brown, Eldred, Brown & Tachau, Lawrence S. Leopold, Louisville, for appellee.

STANLEY, Commissioner.

The City of Louisville has entered into a contract dated March 12, 1952, with Port of Louisville Terminal, Inc., leasing to it certain city wharf property for the construction and operation of a river, railroad and truck terminal with warehouses and other desirable or necessary facilities. Inland Waterways Company, which held a lease embracing part of this property dated August 14, 1929, See Inland Waterways Co. v. City of Louisville, 227 Ky. 376, 13 S.W.2d 283, joined in the contract for the purpose of releasing and surrendering to Terminal all of its rights and interests.

The lease has been executed in accordance with KRS 93.110 and 93.120, the latter section authorizing the leasing of wharves by the Department of Public Works. Exceptional consideration was given the matter by and on behalf of the city. In addition to giving the proposition personal attention, the mayor appointed three outstanding real estate experts to appraise the property for its rental value. The Chamber of Commerce, after holding several public hearings of citizens, gave the lease its approval as being advantageous to the city by promoting the development of a useful and valuable river terminal. The city will receive substantial direct returns through rentals and taxes on the valuable improvements to be erected. The Board of Aldermen likewise looked into the proposition carefully and gave its unanimous approval by resolution. The lease is signed not only by the Director of Works of the City of Louisville but also the mayor.

This suit for a declaratory judgment was filed by a representative taxpayer to test the validity of the lease. He raised a number of questions which the chancellor answered in the judgment holding the lease valid in all respects.

We state in summary the provisions of the lease to which the legal questions submitted here apply.

The lease is for a period of 40 years, but the city reserves the unqualified right to cancel it upon one year's notice if its Director of Works, with the approval of the mayor, determines the property is required by the city for the operation of a municipal wharf. However, the city is obligated upon such repossession of the property to pay the lessee the fair value of the improvements which it has constructed on the land. Port of Louisville, as lessee, binds itself to construct at its

sole expense a public warehouse and terminal building of not less than 100,000 square feet of floor area. It is proposed also to construct very elaborate terminal facilities in connection therewith. All fixed improvements become the property of the city upon expiration of the lease. The lessee agrees that it will not place any legal encumbrances upon any of the improvements in excess of $2,000,000 unless prior written approval has been given by the city "acting through the Director of Works."

The appellant submits that the lease violates Sec. 164 of the Constitution, which prohibits the granting of any franchise or privilege or the making of any contract in reference thereto for a term exceeding 20 years. He recognizes that in Inland Waterways Co. v. City of Louisville, 227 Ky. 376, 13 S.W.2d 283, the court held that a lease containing a similar provision for repossession of the property by the city made the instrument a lease for temporary occupation and operation of river terminals and thereby took it out of the limitations of Sec. 164. But, the appellant argues, the right of cancellation and repossession in the present lease is illusory. As indicated, it is proposed to place $2,000,000 worth of improvements on the land, and the lessee may exceed that expenditure without limitation. The argument is that should the city exercise its option to cancel the lease, it is bound to pay the lessee the then fair value of the improvements and it may find itself in such position that it cannot do so, for the amount required may exceed the city's revenues for the current year or its debt limit. Secs. 157, 158, Constitution. See Sanitation District No. 1 of Jefferson County v. City of Louisville, 308 Ky. 368, 213 S.W.2d 995. The argument is assumptive and illusionary. First, as a practical matter the city would probably be called upon to approve the expenditure of more than $2,000,000 by reason of the provision requiring the approval of a lien of a larger amount. If future contingencies and possibilities be looked to, we have the stipulation in the record of a margin of $24,000,000 for additional bonds which may be issued under Sec. 158 of the Constitution, and that the annual revenues and taxable value of property are steadily and greatly increasing. Moreover, the project seems to be within the terms of Chapter 58 which provides for the acquisition of public projects by governmental units through the scheme of issuing revenue bonds.

Sanitation District No. 1 v. City of Louisville, supra, 308 Ky. 368, 213 S.W.2d 995, is not applicable. Proceedings for the annexation of St. Matthews community to the city were pending. The community was served by sewers built by the Sanitation District on the revenue payment plan and the annexation would have required the conversion of the revenue bonds into a public debt, payable by taxation. Other than the point of the unconstitutionality of an act of the legislature authorizing such transfer, we held that it could not be accomplished because the assumption of payment of the revenue bonds would exceed the city's tax revenues. The lease under consideration here presents no such case. It is, as just stated, merely anticipatory.

Another question is whether there is an unlawful delegation of authority to the Director of Works of the city. The Board of Aldermen by its approval of the lease has consented to a mortgage on the improvements to be built by the lessee to the amount of $2,000,000. The instrument provides that that lien may not be increased unless there is prior, written approval by the city "acting through the Director of Works." We do not think it necessary to go into the intricacies of the law of delegation of authority. It will be time enough to do that when and if such added lien is contemplated.

We think the court properly approved the lease.

The judgment is affirmed.