**D. T. CAYWOOD, a Taxpayer of Franklin County, Kentucky, etc., Appellant,**

**v.**

**Charles W. STIVERS, Sr., et al., Appellees.**

Court of Appeals of Kentucky.

June 28, 1968.

**328**

John D. Darnell, Frankfort, for appellant.

William A. Young, Allen Prewitt, Marion Rider, Frankfort, for appellees.

---

OSBORNE, Judge.

■ This is an action for a declaration of rights instituted by a taxpayer against the members of the Franklin County fiscal court to determine the right of the fiscal court to pledge certain tax funds for the construction of an addition to the courthouse. The specific question involved is whether the fiscal court can pledge tax funds which have already accrued but not as yet been collected. Section 157 of the Constitution and KRS 68.110(1) prohibit the fiscal court from expending any money in any one year that will exceed the amount levied and collected in taxes for that year without a referendum. The funds which the fiscal court now wishes to pledge were accrued because of an amendment made by the legislature to KRS 132.160, which became effective July 1, 1966. Prior to the amendment ad valorem taxes were levied upon distilled spirits as of January 1 of each year, but did not become due until

after the federal tax became due or was paid when the spirits were removed from the warehouse for transfer in bond or out of the state. As a practical result of this statute, the tax was not normally paid until the spirits were taken from bond and placed in the bottle. The 1966 amendment abolished the delay in the payment of the tax by providing that the tax assessed on all spirits while in bonded warehouses as of January 1, 1967 and January 1 of each year thereafter becomes due on September 15 of the year in which it is assessed and becomes delinquent on January 1 of the following year.

■ The legislature, recognizing that there would be an overlapping period wherein current taxes and back taxes would be collected at the same time, provided that the tax collected for spirits in bond for years prior to 1966 should be used for "capital outlay" by all taxing jurisdictions. As a result of this amendment, Franklin County now has owing for certain distilled spirits located in that county $524,150.29 as of January 1, 1967. This is for tax levied prior to the 1966 amendment on spirits then in the warehouse and which will be paid as they are removed from bond. The parties now request this court to determine whether these funds can be pledged as security for a loan to local banks in the amount of $500,000 for the construction of an addition to the courthouse. We are of the opinion they can. The intent and purpose of section 157 of the Constitution was to prevent local governments from incurring indebtedness that would be carried from one year to the next, thereby precluding effective operation of the government. The funds here involved are already accrued. They bear no relationship to the current operating budget of the county and do not constitute an obligation of that budget. For this reason, their pledge as security will not encumber normal revenue accruing in future years. The purpose of the Constitution was to require local governments to adopt a "safe, sane and conservative plan of pay as you go" system

of financing, consequently each year's income must pay each year's indebtedness. Here the funds are already accrued and therefore their present expenditure will in no way encumber or affect next year's budget.

We have previously held that a fiscal court may make levies to accumulate a fund with which to pay for the erection of a courthouse in the future. Combs v. Letcher County, 107 Ky. 379, 54 S.W. 177. There we held:

"We think, therefore, that, without in fact going in debt for a court house, the fiscal court might take steps 'to secure' one by making a levy within the limitations of the law for the purpose of accumulating a fund with which to pay in cash for the court house when erected. The constitution does not prohibit this. It simply commands the county to live within its income, and create no indebtedness in any year beyond its income, unless authorized by a vote of the people."

We see no distinction between that case and the present except that in the present case the funds accrued themselves because of an amendment in the taxing statute. The purpose for which the funds are to be expended meets the requirements of the statute requiring that they be used for "capital outlay."

It is therefore concluded that the fiscal court may legally pledge the funds in question as security for the loan.

Judgment affirmed.

WILLIAMS, C. J., and MILLIKEN and PALMORE, JJ., concur.

HILL, MONTGOMERY and STEINFELD, JJ., dissent.

PALMORE, Judge (concurring).

I do not find the 1966 statute essential to the determination of this case. It seems to me that the fundamental purpose of the constitutional restriction against incurring an indebtedness in excess of the income and revenue provided for the year is to protect the taxing power of future years against encroachment. The power of a fiscal court to borrow is limited by its power to provide payment. Conversely, its power to borrow is measured by and is as broad as its current power to levy the taxes necessary to cover the payment. A fiscal court cannot, without a vote of the people, levy a tax for future years or incur a debt that will require a tax to be levied in future years. That does not happen in this case. A tax sufficient to pay the debt has been levied. Its payment is a fixed obligation. It is just a matter of semantic choice to say that the tax is "for" some other year. Theoretically, all whiskey inventory could be drawn out this year, or all next year. The revenue is as much "for" this year as the next.

The objective of Const. § 157 is to prevent fiscal irresponsibility by prohibiting a debt that is not matched by an existing ability to provide the means of payment. We all know that the Franklin County Fiscal Court could accomplish what it now proposes to do by another and more expensive means. I think it would be downright ridiculous to force it to do so.

STEINFELD, Judge (dissenting).

The petition for declaration of rights alleged that the banks had " * * * offered to lend to Franklin County an amount equal to the total accrued but unpaid ad valorem taxes and interest theretofore levied and assessed upon distilled spirits stored within Franklin County or $500,000.00, whichever amount was the lesser, for a term not to exceed six years at an annual interest rate of 4¾% provided that the Fiscal Court of Franklin County, acting for and on behalf of Franklin County, would pledge to the aforenamed banks a sufficient amount of the unpaid ad valorem taxes and accrued interest levied and assessed upon said distilled spirits as of the date of such loan to secure the same." It further alleged

that the fiscal court intended " * * * to enter into such loan transaction, accompanied by a pledge of accrued but unpaid ad valorem taxes and interest * *".

Attached to the petition as an exhibit was a letter of intent from the banks which said in part " * * * we can lend an amount not to exceed the total accrued but unpaid ad valorem taxes and interest levied and assessed upon distilled spirits stored within Franklin County for years prior to 1967 or $500,000.00, whichever is lesser. We propose a loan term of up to six (6) years at an annual interest rate of 4¾%, secured as indicated in your letter." Another exhibit is a specimen of the form of the loan agreement which refers to a resolution of the fiscal court and which says in part, " * * * that to accomplish the aforesaid purpose, the said Franklin County Fiscal Court borrow from the * * *" several banks the amount of money to be decided upon and then this exhibit continues that the county judge and the treasurer of the county " * * * be and they are hereby expressly authorized to borrow and execute and deliver to the said * * *" banks " * * * the promissory note(s) of the Fiscal Court of Franklin County, Kentucky, for the sum of * * *" the amount borrowed.

The anticipated taxes are to be paid through the year 1971.

Section 157 of the Kentucky Constitution in part provides that:

"No county * * * shall be authorized or permitted to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void."

Without a vote of the people, the transaction between Franklin County Fiscal Court and the banks will create an indebtedness in "an amount exceeding * * * the income and revenue provided for (the) year" in which the county becomes indebted.

The majority opinions cites Combs v. Letcher County, 107 Ky. 379, 54 S.W. 177, wherein this court approved an arrangement so that the county could accumulate "* * * a fund with which to *pay* in *cash* for the court house when erected." (Italics mine). That case pointed out that the fiscal court "without in fact going in debt" had arranged for the accumulation of money to pay for a court house after the money was on hand. There was no borrowing. The plan proposed by the Franklin County Fiscal Court does not fall within this framework, but on the contrary creates an indebtedness in violation of Section 157 of the Constitution.

For these reasons I respectfully dissent.

Joining with me in this dissent are MONTGOMERY and HILL, JJ.