**Eugene B. HALL, Appellant,**

**v.**

**SHELBY COUNTY BOARD OF EDUCA-
TION, Shelbyville, Kentucky and Wad-
dy Ruritan Club, Appellees.**

Court of Appeals of Kentucky.

Sept. 24, 1971.

Rehearing Denied Dec. 3, 1971.

Eugene B. Hall, pro se.

Ralph Mitchell, Shelbyville, for appellees.

J. G. M. ROBINSON, Special Commissioner.

This case involves the validity of a lease from the Shelby County Board of Education of land and a building thereon known as the Waddy School Gymnasium to the

Waddy Ruritan Club and the use thereof by the Waddy Ruritan Club. The lease is for no definite period of time, but the lessor reserved the right to terminate the lease on two weeks' written notice.

The appellant alleged that the lease was contrary to the provisions of KRS 162.050; that the appellant owned a private business engaged in public professional performances of country and folk music, and he had expended $16,500 in establishing and conducting that business; that on April 12, 1969 the Ruritan Club commenced a business in the leased premises (Waddy gym) in direct competition with him; that unless enjoined, the Board of Education and the club will continue to engage in the "aforesaid illegal actions" and that he, the appellant, has suffered as a "result of the aforesaid illegal actions * * * irreparable damage in the amount of $8,000 and will in addition suffer future damage in the approximate amount of $8,000."

The complaint prayed (1) judgment against the appellees in the amount of $16,000, (2) a declaratory judgment holding the lease illegal, and (3) a temporary injunction enjoining the appellees from any further actions such as are described in the complaint, and the further use of public facilities for private or semi-private purposes.

The appellees moved to dismiss on the grounds that the complaint failed to state a claim against them upon which relief could be granted. After a hearing and the filing of briefs by the attorneys, the court, in an order dated October 24, 1969, held that the school board had authority under KRS 162.050 to permit the Waddy Ruritan Club to use the otherwise unoccupied and not-used school building; that the appellant could not demand protection from competition; that he alleged no recoverable injury to his business or to himself as a taxpayer. The motion to dismiss was sustained.

The appellant operated a business in Shelby County known as Brown Bluegrass Hall where he staged professional performances of country and folk music and where he charged admission. He claims that as a result of the operation of this enterprise he developed a profitable business, but that after the Board of Education leased the Waddy Gymnasium he sustained damage and loss in his business.

The appellees' contention is that the Waddy Ruritan Club is a civic organization; that it has been conducting musical programs in the gymnasium; certain charges are made by the Ruritan Club to those who attend these programs held in the gymnasium leased from the Board of Education, but all receipts therefrom are used by the Ruritan Club for civic activities and civic betterment. They further claim, and it is not denied, that the use of the gymnasium by the Waddy Ruritan Club in no way interferes with the use of the building for educational purposes or for school activities.

The use of a school building by civic organizations at such time as the building is not needed for school purposes is a matter that addresses itself to the Board of Education and is a use authorized by KRS 162.050.[1] School buildings are constructed with public funds and are dedicated to public use, but there appears no sound reason why, when such buildings are not needed for school purposes, the Board of Education might not permit their use for other purposes, provided the Board of Education deemed it to be the best interest of the community to do so. The school board had such authority. As to the wide authority of school boards see Brown v. Bailey, 238 Ky. 287, 37 S.W.2d 58.

We find no Kentucky cases specifically on the validity of a lease such as the one at issue, but a number of other states have held such use by civic organizations to be

---

1. KRS 162.050 provides: "The board of education of any school district may permit the use of the schoolhouse, while school is not in session, by any lawful public assembly of educational, religious, agricultural, political, civic or social bodies under rules and regulations which the board deems proper."

valid. Young v. Board of Trustees, Etc., 90 Mont. 576, 4 P.2d 725, Merryman v. School Dist. No. 16, 43 Wyo. 376, 5 P.2d 267. There is authority in this state that a county may lease part of county property to a blind man on which to conduct a newspaper booth. See Burns v. Moore, 307 Ky. 167, 209 S.W.2d 735.

The appellant cannot demand protection from competition with his business in this action. The court can see no Constitutional right or any right of which appellant has been deprived by reason of the lease in question.

The court further finds that appellant has suffered no recoverable injury to his business or to himself as a taxpayer or as a citizen of Shelby County.

The judgment is affirmed.

All concur.