Russell PORTER, Jack Creek, and
Ronald Starks, Appellants,

v.

HOSPITAL CORPORATION OF AMER-
ICA; Hospital Corporation of Ken-
tucky; Logan County Public Hospital
Corporation; Logan County, Kentucky;
and Judge James E. Bailey, as County
Judge Executive of Logan County, Ken-
tucky, and individually, Appellees.

Court of Appeals of Kentucky.

Sept. 20, 1985.

J. Granville Clark, Russellville, for appellants.

Thomas H. Meeker, Colleen McKinley, Wyatt, Tarrant & Combs, Louisville, for appellee Hospital Corp. of America and Hospital Corp. of Kentucky.

Charles A. Schliebs, Nashville, Tenn., for appellee Hospital Corp. of America.

Reginald L. Ayers, Bell, Orr, Ayers & Moore, Bowling Green, for appellee Logan County Public Hosp. Corp. and Logan County, Kentucky.

G.D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellee James E. Bailey.

Before COOPER, HOWARD and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a judgment of the Logan Circuit Court approving a lease of real estate and sale of personalty by the Logan County Fiscal Court to the appellee Hospital Corporation of America.

The property involved in this suit is the Logan County Hospital and grounds, and the hospital records, equipment, inventory, and accounts receivable. The Logan County Fiscal Court had operated a hospital since 1946. The Fiscal Court determined, apparently because of the cost of operation and deteriorating condition of the physical plant, that it was in the best interest of the county government to cease operation of a hospital while attempting to insure that continued health care be available to the citizens of Logan County. To carry out this plan, the Fiscal Court entered into an agreement with Hospital Corporation of America whereby the latter would purchase the hospital grounds, equipment, records, and accounts receivable. *See Starks v. Kentucky Health Facilities*, Ky. App., 684 S.W.2d 5 (1985). The agreement was later amended to provide for the lease of the real estate rather than its sale. The rent to be received by the Fiscal Court is $500,000.00 for the first twenty-four months and thereafter $10,000.00 per month for the duration of the lease. The lease is to expire upon the completion of construction of a new hospital by the lessee on a privately-owned site in Logan County.

The appellants first argue that the contract between the Fiscal Court and the hospital corporation violated the provisions of the County's administrative code dealing with the disposition of surplus real and personal property. Insofar as the lease provisions are concerned, the administrative code does not appear to be applicable. The section of the code cited by the appellants deals with the procedures to be followed in a sale rather than a lease of realty. On the other hand, the section dealing with "dispositions of surplus property other than real estate" provides that "[f]inal disposal of the property may be [by] sealed bids or by public auction at the discretion of th[e] fiscal court. All sales being to the highest bidder." In this case the sale of the personal property was neither by sealed bid nor by public auction to the highest bidder. However, the trial court found that the personal property sold was not "surplus property" within the contemplation of this section of the administrative code.

The code plainly contemplates "surplus" property to be property "no longer needed or serviceable." The hospital inventory and equipment appear to be property which was no longer needed by the County because the Fiscal Court had determined to remove itself from the operation

of a hospital. Nevertheless, the appellees maintain that because the code speaks of surplus property as that which is assigned to a "county office," it does not intend hospital equipment to come within its purview. We are referred to no extrinsic evidence which would support this position while the language of the code itself appears to employ the term "county office" in a broad sense so as to be inclusive of the various agencies and entities of the county government to which county property has been assigned. Read in context, this provision seems to have been devised to prescribe the method by which all, rather than particular kinds, of surplus tangible personal property would be disposed of. The hospital inventory and equipment thus fall within its purview.[1] Having prescribed the method by which such property is to be disposed of, the County must abide by that method or adopt a new method.

The appellees also maintain that the equipment and inventory were in effect sold as a part of the hospital building and real estate and thus constituted realty instead of personalty. Even if there might be merit to this argument, it overlooks the fact that the realty was finally leased and not sold. No one argues that there has been a lease of the personal property.

■ The evidence presented to the trial court did not compel it to find that the lease of the real property was for such a grossly inadequate consideration to the County as to violate Section 179 of the Kentucky Constitution by constituting a gift of public property to a private corporation. A more difficult question is presented by the appellants' contention that the lease constitutes the grant of a public franchise falling within the purview of Section 164 of the Constitution. The case law interpreting this section is not perfectly consistent; it seems clear, however, that a lease of land for temporary purposes does not constitute a franchise within the meaning of Section 164. *See Deters v. City of*

*Louisville*, Ky., 249 S.W.2d 796 (1952); *Inland Waterways Co. v. City of Louisville*, 227 Ky. 376, 13 S.W.2d 283 (1929); *see also Burns v. Moore*, 307 Ky. 167, 209 S.W.2d 735 (1948). The parties here obviously contemplated that the lease in question was for temporary purposes, continuing only for the reasonable time it took to construct a new hospital. For this reason alone, the lease does not fall within the purview of Section 164.

The trial court made no factual findings bearing upon the appellants' allegation of an oral agreement in violation of public policy, and it does not appear to have been requested to do so. We are not now in a position to reverse that court's judgment on this ground. *See Wilson v. Bureau of State Police*, Ky.App., 669 S.W.2d 18 (1984); CR 52.04.

■ We find no error in the grant of summary judgment on the question of a charitable trust. The record discloses no grant of any of property in dispute subject to a trust. The reversionary clause in the 1946 deed to the County, if enforceable, has not been triggered since the real estate conveyed therein is still being used as a hospital. The record likewise reveals no genuine issue of material fact concerning an illegal restraint of trade, and the terms of the lease do not constitute such a restraint. Aside from other considerations, the County's covenant not to compete for ten years, under the circumstances, is not unreasonable and it does not adversely affect the public interest. *See Hall v. Willard & Woolsey, P.S.C.*, Ky., 471 S.W.2d 316 (1971); *Martin v. Ratliff Furniture Co.*, Ky., 264 S.W.2d 273 (1954).

■ James E. Bailey as an individual was properly dismissed as a party defendant since no claim for relief was stated against Judge Bailey in his individual capacity. The trial court correctly held that Section 4.08 of the agreement between the parties does not violate Section 170 of the

---

**1.** The trial court did not find nor has it been argued that the trustees of the hospital had title to this property or had otherwise been given the authority to sell it apart from the provisions of the administrative code.

Kentucky Constitution because the property in question has not been exempted from taxation. As to the appellants' contention that this section of the agreement also violates Section 157 of the Constitution, the appellants failed to either plead or prove the necessary facts showing the alleged violation. *See Waddle v. City of Somerset,* 281 Ky. 30, 134 S.W.2d 956 (1939); *Conrad v. Pendleton County,* 209 Ky. 526, 273 S.W. 57 (1925). The record is silent as to the existing ability of the County to pay the entire indebtedness at the time it was incurred. *See Caywood v. Stivers,* Ky., 430 S.W.2d 327 (1968).

The judgment of the circuit court is affirmed with respect to the lease and is reversed with respect to the sale of personal property. This matter is remanded for further proceedings consistent herewith.

All concur.